JOURNAL ENTRY AND OPINION
Plaintiff-appellant Bernadine Davis, executrix of the estate of Thomas Davis and representative of his next of kin, appeals from an order of the trial court granting summary judgment against her in her second action against defendant-appellee Wal-Mart Stores, Inc. dba Sam's Club ("Wal-Mart"). The trial court found that this action for spoliation of evidence against Wal-Mart and one of its employees was barred by res judicata.
In 1992, plaintiff filed against Wal-Mart and others an intentional tort wrongful death and survivor action after her husband Thomas was killed while operating a forklift at a loading dock at one of its facilities. Bernadine Davis, extrx. etc. v.Sam's Club dba Wal-Mart Stores, Inc., Case No. CV-243067. On September 10, 1992, a produce truck the decedent was unloading for a lessee of space in its facility pulled away from the dock prematurely and the forklift he was driving fell off the dock and landed on top of him.
Plaintiff hired a private investigator, who obtained outside of the discovery process a one-page memorandum which referred to premature pull-away incidents. This document, referred to as Exhibit A, was created on January 23, 1992, approximately eight months before the incident. The memorandum adopted a policy of requiring truck drivers to surrender the keys until the vehicle was completely unloaded — a policy apparently not followed with the lessee's produce truck in this instance.
During the course of discovery in the intentional tort case, plaintiff specifically requested Wal-Mart produce information relating to loading dock incidents. Neither the Exhibit A memorandum nor any other documents were produced. Because plaintiff had independently obtained the Exhibit A document, however, her counsel conducted discovery during depositions and questioned Wal-Mart employees concerning the memorandum and any prior incidents.
Plaintiff sought to settle her claims before trial. She sought $250,000 to settle the claims against Wal-Mart, but Wal-Mart declined, instead offering $150,000. She ultimately settled her claims against the remaining co-defendant and dismissed the survivor claim against Wal-Mart. During the course of trial on the wrongful death claim against Wal-Mart, counsel for plaintiff referred to the fact that Wal-Mart had not produced the Exhibit A memorandum regarding the pull-away incidents.
The jury returned a general verdict against Wal-Mart. The jurors completed an interrogatory specifying that Wal-Mart committed an intentional tort because the workplace injury to plaintiff's decedent was substantially certain to occur. The jurors completed another interrogatory naming four specific acts which constituted the intentional tort. The jury awarded $2,000,000 in damages and the trial court subsequently entered judgment on the verdict.
Plaintiff also sought prejudgment interest on the damage award. During the course of discovery, plaintiff obtained a Wal-Mart legal team diary that referred to reports of premature pull-away incidents underlying the Exhibit A policy memorandum which had not been produced during discovery in the intentional tort wrongful death case. Following a hearing, the trial court awarded prejudgment interest.
The trial court found that Wal-Mart failed to make a good faith effort to resolve the case whereas plaintiff had not. The trial court specifically found that Wal-Mart did not fully cooperate in discovery and did not rationally evaluate its legal risks and potential liability. The trial court also found that testimony of Wal-Mart witnesses during the prejudgment interest hearing conflicted with their deposition testimony.
This court affirmed the jury verdict and award of prejudgment interest in Bernadine Davis, extrx. Etc. v. Sam's Club, dba Wal-MartStores, Inc. (Sept. 12, 1996), Cuyahoga App. Nos. 69647 and 70284, unreported. The Ohio Supreme Court denied further review.Davis v. Sam's Club (1997), 77 Ohio St.3d 1526. Wal-Mart thereafter satisfied the judgment against it in the intentional tort wrongful death case.
Approximately one week thereafter, plaintiff filed the complaint in the case at bar against Wal-Mart and David Begnini, its loading dock manager, for spoliation of evidence. Plaintiff alleged, inter alia, that she discovered during the post-trial proceedings for prejudgment interest that several employees of Wal-Mart provided false or misleading testimony during their depositions in the intentional tort case. She further alleged that she dismissed her survivor claim, which would have permitted her to seek additional compensatory and/or punitive damages, because of the false testimony and defendant Wal-Mart's failure to provide complete discovery.
During the course of discovery in the case at bar, plaintiff states that she obtained for the first time additional deposition testimony and exhibits regarding Wal-Mart employee injury claims recorded in loss prevention memoranda that were not disclosed in the prior intentional tort case. She maintains that Wal-Mart still has not provided notes of prior incidents referred to in the Exhibit A memorandum and legal team diary. Defendants argue that Wal-Mart produced all responsive information and that it did not improperly conceal or destroy any information.
Defendants Wal-Mart and Begnini filed a joint motion for summary judgment. Their motion argued, inter alia, that plaintiff's claim for tortious interference with evidence against them was barred by res judicata.[1] Specifically, the motion argued that this claim arose from the same transaction as the intentional tort case.
Plaintiff filed a brief in opposition to summary judgment, and defendants filed a reply brief in support of summary judgment. Granting defendants' motion for summary judgment, the trial court stated as follows:
 Deft's [sic] motion for summary judgment is granted. The doctrine of res judicata bars the pltf's claim for tortious interference with evidence.
Plaintiff timely appeals raising the following sole assignment of error:
 BECAUSE THE DOCTRINE OF RES JUDICATA DOES NOT AND SHOULD NOT BAR THIS LAWSUIT, AND BECAUSE THERE REMAIN GENUINE ISSUES OF MATERIAL FACT, THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT.
This assignment is well taken.
Plaintiff argues the trial court improperly granted summary judgment by finding that her claim for spoliation of evidence was barred by res judicata. Under the circumstances, we agree.
The standard for granting summary judgment is well settled. Summary judgment shall not be granted unless, after viewing the evidence in the light most favorable to the non-moving party, the record shows there is no genuine issue as to any material fact, reasonable minds can reach but one conclusion, and the moving party is entitled to judgment as a matter of law. Civ.R. 56 (C); Vahillav. Hall (1997), 77 Ohio St.3d 421.
The Supreme Court reviewed a grant of summary judgment on the grounds of res judicata in Ameigh v. Baycliffs Corp. (1998),81 Ohio St.3d 247. Ameigh involved three successive proceedings concerning a zoning permit to construct boat docks in a residential district. The Ameigh Court found that two prior administrative appeals regarding the zoning permit filed in the common pleas court did not constitute res judicata to bar a third action seeking a declaratory judgment that the zoning permit violated zoning laws.
Before reaching its conclusion, the Ameigh Court reviewed precisely what was determined in each prior action to determine whether the third action was barred. The common pleas court's limited holding in the first action was that the township trustees lacked authority to revoke a zoning permit unless the permit was issued upon a false statement. Id. at 250. The holding of the common pleas court in the second appeal was limited to its finding that the trustee's revocation of the permit on grounds that it was obtained through false statements was not adequately supported by the record. Id. The Ameigh Court recognized that neither journal entry of the common pleas court in the prior proceedings discussed whether the proposed use of the land under the zoning permit would violate the zoning laws.
Because of the limited scope of the two prior actions, theAmeigh Court concluded that the third action, which sought a declaratory judgment that the zoning permit violated applicable zoning laws, was not barred by the judgment in either prior action. Before reaching its conclusion, the Court stated:
 Where the judgment of a court is not dispositive on issues which a party later seeks to litigate, res judicata is not applicable. This is true even if the prior court decision has discussed the issues that are the subject of the current litigation.
Id. at 250-251 (citation omitted.) Accordingly, the Supreme Court reversed the judgment of the court of appeals which had held that the declaratory judgment action was barred by res judicata.
After viewing the record in the light most favorable to plaintiff, as we are required to do in the context of a motion for summary judgment, we find that the trial court improperly found that the claim for spoliation of evidence was barred by resjudicata in the case at bar. Defendants insist to the contrary that the claim is barred, citing the syllabus of Grava v. Parkman
(1995), 73 Ohio St.3d 379, which provides in pertinent part as follows:
 A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.
For res judicata to apply under this theory, however, defendants' acts of allegedly concealing, destroying or intentionally interfering with evidence must arise from the same "transaction or occurrence" as that which lead to decedent's death in the intentional tort wrongful death action. We conclude from the record that the case at bar does not arise out of the same transaction or occurrence as the prior case.
The "occurrence" which triggered the intentional tort case was the decedent's death. The term "transaction" may be broader than "occurrence" and was defined in Grava to encompass events which arise from a "common nucleus of operative facts." Id. at 382. Concealing, destroying, misrepresenting, or intentionally interfering with evidence after a workplace death does not arise from a "common nucleus of operative facts" with those which arose before the death.
To recover on an intentional tort claim, the claimant must show that the employer disregarded a risk of injury or death to the employee that was substantially certain to occur. Nothing in the record shows that any other issue was raised or submitted to the jury in the intentional tort case.
Defendants have likewise not shown that a motion for prejudgment interest alleging a failure to make a good faith effort to settle an intentional tort case precludes subsequently raising a spoliation of evidence claim. This is particularly true, as in the case at bar, when alleged acts of concealing, destroying, misrepresenting, and/or intentionally interfering with evidence were not discovered until after the final judgment in the intentional tort litigation.
In Dickens v. Bethlehem Baptist Church (Sept. 15, 1994), Cuyahoga App. No. 65740, unreported, this court envisioned a case like the one at bar. The Dickens court recognized that when a defendant's fraudulent representations conceal the basis for the second cause of action until after judgment in the first action, the second action is not barred by principles of res judicata. Id. at p. 2 (citing Jackson v. Lou Cohen, Inc. (1992), 84 Ohio App.3d 693
.)
Precisely because of the difference in the sequence of events, this case is distinguishable from Williamson v. Rodenberg (June 30, 1997), Franklin App. No. 96APE10-1395, unreported, upon which defendants rely. The Williamson court specifically recognized that plaintiff discovered the basis for her spoliation claim asserted in the second action before the judgment in the first case. Id. at p. 2. In fact, plaintiff had already unsuccessfully argued during her prior age discrimination trial that the notes, which formed the basis for her subsequent spoliation claim, were destroyed to hide the fact that the interview process was used to discriminate based on age.
The Williamson court stated as follows:
 This court holds that, in light of the fact that plaintiff learned of the destroyed evidence before the trial started and the claim of spoliation shares the same common nucleus of facts as the age discrimination case, plaintiff could have brought her claim for spoliation of evidence in the previous action.
Id. at p. 3. Unlike Williamson, however, as discussed above, the record in the case at bar does not show that plaintiff learned of the spoliated evidence before the intentional tort trial started or that her claim of spoliation shares a common nucleus of operative facts with the intentional tort case.
Accordingly, plaintiff's sole assignment of error is sustained.
Judgment reversed and case remanded for further proceedings.
This cause is reversed and remanded.
It is, therefore, ordered that appellant recover of appellees her costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J., and MICHAEL J. CORRIGAN, J., CONCUR.
 _________________________ DIANE KARPINSKI, JUDGE
[1] Defendants' motion also argued that no civil liability exists for perjury and that plaintiff did not present a prima facie case for spoliation of evidence because she presented no evidence of a wilful destruction of evidence, no evidence of disruption to her intentional tort case, and no evidence of damages. Defendants do not assert these arguments on appeal, however, and the trial court did not address them. On remand, the trial court should address these arguments in the first instance. See Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 359-360.