OPINION
{¶ 1} Appellant, Kenneth N. Shaw, appeals from the judgment entry of the Trumbull County Court of Common Pleas, Probate Division, ordering him to pay *Page 2 
$12,250.00, the balance remaining on a defaulted loan withdrawn from the former inter vivos trust of Eleanor Blackburn (hereinafter "the decedent") of which he was a co-trustee and drafter. For the reasons set forth below, the trial court's judgment is affirmed.
 {¶ 2} In 1999, appellant was retained by the decedent to assist in the administration of her brother's estate and to prepare her estate plan. Appellant drafted the Eleanor W. Blackburn Revocable Living Trust, which named the decedent and appellant as co-trustees and included a bequest of $5,000.00 to each of appellant's five children. On September 27, 1999, the decedent executed the trust and a durable power of attorney designating appellant as her attorney-in-fact. As the decedent's attorney-in-fact and co-trustee, appellant paid the decedent's bills and was reimbursed for his services.
 {¶ 3} On August 16, 2000, appellant borrowed $13,000.00 from a bank account that was an asset of the trust.[1] Appellant made no ostensible efforts to repay the money. Consequently, on May 11, 2001, the decedent revoked appellant's power of attorney and executed a second amendment to the trust, which removed appellant as co-trustee and revoked the provision designating appellant's five children as beneficiaries. The decedent also demanded repayment of the $13,000.00 loan. An agreement was subsequently reached establishing a repayment plan of $250.00 per month until the debt was satisfied. After making three payments, appellant defaulted on the loan. The decedent filed in the Warren Municipal Court and obtained a judgment for *Page 3 
$12,500.00. Appellant eventually filed for personal bankruptcy and allegedly listed the loan as a personal debt. Although the appellate record contains no documentation or other evidence to support his argument, appellant contends the debt was discharged by order of the United States Bankruptcy Court.
 {¶ 4} On September 7, 2007, appellees, Donna J. Miller, Administratrix for the Estate of Eleanor W. Blackburn, Deceased, and William G. Cauffield, Successor Trustee of the Restated Eleanor W. Blackburn Revocable Living Trust, filed a concealment of assets claim pursuant to R.C. 2109.50 and a declaratory judgment action pursuant to R.C. Chapter 2721. The suit sought to recover certain estate assets from appellant, et al., and for a declaration of the parties' respective rights and responsibilities. In his answer, appellant alleged the debt from the August, 2000 loan had been discharged in bankruptcy. Appellant also asserted that, irrespective of the discharge, the underlying action was barred by res judicata as a result of the final judgment entered on the same debt in the proceedings before the Warren Municipal Court.
 {¶ 5} In its February 8, 2008 judgment entry, the probate court determined that appellant took a loan from the deceased in the sum of $13,000.00, of which $12.250.00 remained unpaid. The court determined appellant stood as a fiduciary to the deceased at the time the loan was made and thus his conduct constituted a breach of fiduciary duty in the form of defalcation. The court observed that because the debt arose from appellant's defalcation, it was not dischargeable in bankruptcy pursuant to 11 U.S.C. Section 542(a)(4). Therefore, the court ordered appellant to pay $12,250.00 to the deceased's Successor Trustee. *Page 4 
 {¶ 6} Appellant now appeals the judgment of the trial court and assigns one error for our review:
 {¶ 7} "The trial court erred in ordering appellant `to pay $12,250 to William G. Caufield, Successor Trustee of the Eleanor W. Blackburn Restated Revocable Living Trust."
 {¶ 8} Under his assignment of error, appellant argues the trial court erred in issuing its February 8, 2008 order because the debt at issue had been discharged by the judgment of bankruptcy issued pursuant to Section 524(a), Chapter 11 of the United States Code. Appellant further argues that, even if this court finds his discharge argument unpersuasive, a final judgment on the debt at issue had been previously rendered on the merits by the Warren Municipal Court and therefore the underlying action is barred by the doctrine of res judicata.
 {¶ 9} We will first discuss appellant's argument that his judgment in bankruptcy sufficed to discharge the debt. Appellant argues that the Federal Bankruptcy Court rendered a judgment discharging the debt and thus the trial court was without power to order it repaid. Appellant maintains this is so irrespective of the trial court's post hoc conclusion that he obtained the money via defalcation. Given the limited contents of the record, we cannot agree with appellant's contention.
 {¶ 10} Appellant has failed to provide any evidence of a judgment of bankruptcy entered by the United States Bankruptcy Court, his bankruptcy schedules, or some other proof indicating the debt was discharged. While appellant asserted the affirmative defense of "discharge in bankruptcy" in his answer to appellees' complaint, the record is devoid of evidence to substantiate his claim. Appellant also argues that, according to *Page 5 11 U.S.C. Section 524, a state court judgment entered against a debtor on a debt previously discharged in bankruptcy is void. We do not dispute appellant's interpretation of the statute. However, appellant is essentially asking this court to reverse the lower court's determination based merely upon his unsupported conclusion that the debt was discharged. Without some indicia of proof regarding the alleged discharge, we have no sound, independent basis for accepting appellant's position.
 {¶ 11} Next, appellant claims that the probate court did not have the authority to conclude the debt was nondischargeable because the dischargeability or nondischargeability of a debt is a determination that may be made by the federal bankruptcy court. Again, appellant's general statement of the law is correct. Any determination by the state court relating to a debtor's defalcation (or other improper actions)may be adopted by the federal bankruptcy court. In re Stone (1988),90 B.R. 71, 75. However, a formal adjudication of the dischargeability or nondischargeability of debts is a subject within the exclusive jurisdiction of the bankruptcy court. See In re Tapper (1991),123 B.R. 594, 599; see, also, In re Stone, supra.
 {¶ 12} However, despite appellant's assurances that the debt under consideration has been discharged, there is no record evidence to support his position. Perhaps the debt was discharged, perhaps it was determined nondischargable. Because the record is bare, we are unable to draw a reasoned conclusion on the issue. Appellant bore the burden of demonstrating, by a preponderance of the evidence, the debt was discharged. Given the record, we have no way of confirming the status of the bankruptcy order. We therefore hold appellant failed to meet his burden. *Page 6 
 {¶ 13} As a court of error, we are confined to reviewing only those materials within the record before us. Without independent evidence reflecting the debt was discharged, we shall not upset the decision of the trial court. Appellant has failed to demonstrate the debt was discharged and therefore this argument lacks merit.
 {¶ 14} Appellant next argues that appellees are precluded from pursuing the underlying matter as it is barred by the doctrine of res judicata. The doctrine of res judicata provides: "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject of the previous action." Grava v. Parkman Twp.,73 Ohio St.3d 379, syllabus, 1995-Ohio-331. Appellant contends that the existing final judgment of the Warren Municipal Court was conclusive of the rights, questions, and facts that were or could have been in issue between the parties. Thus, appellant concludes, res judicata bars any later action arising out the transaction or occurrence upon which the Warren Municipal Court case was based even if it is premised upon a different theory of liability.
 {¶ 15} The determination of whether an action is barred by the doctrine of res judicata is a question of law which an appellate court reviews de novo. Rossow v. City of Ravenna, 11th Dist. No. 2001-P-0036, 2002-Ohio-1476, at ¶ 7. As res judicata is an affirmative defense, appellant has the burden of persuasion to prove its application to the instant case. Lake Shore Marina v. Schubert (Mar. 23, 1984), 11th Dist. No. 9-219, 1984 Ohio App. LEXIS 9671; see, also, EMC Mtge. Corp. v.Jenkins, 164 Ohio App.3d 240, 247, 2005-Ohio-5799. To meet his burden, appellant must clearly establish the basis of the prior action in the Warren Municipal Court and demonstrate that the instant action arose out of the transaction or occurrence that was the subject of the former *Page 7 
action. We hold appellant has failed to establish the requisite factual nexus to meet his burden.
 {¶ 16} The only evidence relating to the action in the Warren Municipal Court is a time-stamped judgment entry, dated September 23, 2003. The document simply states that judgment was entered against appellant, on that date, in the amount of $13,000.00. The record is devoid of any documentation or testimony indicating this judgment was a function of the same transaction that prompted the instant suit. Although the amount in controversy may lead one to assume the causes of action were a result the same transaction or occurrence, affording appellant this assumption would negate appellant's legal burden of proving his affirmative defense. Without a complaint, affidavit, or some alternative evidence that would indicate the prior action concerned essentially the same claim or cause of action as that which is now asserted, appellant has failed to establish the affirmative defense of res judicata. Because appellant has not met his burden, appellees' current action is not barred by the doctrine of res judicata.
 {¶ 17} For the reasons discussed above, appellant's sole assignment of error is overruled and the judgment of the Trumbull County Court of Common Pleas, Probate Division, is hereby affirmed.
TIMOTHY P. CANNON, J., concurs,
COLLEEN MARY O'TOOLE, J., dissents.
[1] The trial court found that the bank account at issue was part of the living trust; however, appellant takes issue with this characterization. He asserts the account from which the $13,000.00 was borrowed was a personal account held by decedent. Appellant does not formally challenge the trial court's finding by way of an assignment of error and thus we shall accept the probate court's finding as to the nature of the account from which the money was removed. *Page 1