NIES et al., Appellees,

v.

FRITZSCH CUSTOM BUILDERS, L.L.C., Appellant.

[Cite as *Nies v. Fritzsch Custom Builders, L.L.C.*, 186 Ohio App.3d 35, 2010-Ohio-357.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–081302.

Decided Feb. 5, 2010.

James F. McDaniel, for appellees.

Barrett & Weber and C. Francis Barrett, for appellant.

HILDEBRANDT, Presiding Judge.

{¶ 1} Defendant-appellant, Fritzsch Custom Builders, L.L.C. ("Fritzsch"), appeals from a number of judgments of the Hamilton County Court of Common Pleas in a dispute involving a view easement over a parcel of real property.

## The View Easement

{¶ 2} Fritzsch obtained title to a parcel of land adjacent to property owned by plaintiffs-appellees, Thomas M. Nies and Suzanne Nies. The use of the Fritzsch property was limited by the following language: "The owners of Lot 8, their heirs, successors and assigns, agree not to install or erect any structures, or permit them to exist, or allow any vegetation or other natural growth, on, over, or within the easement area; and in no event to permit anything to exist on the above described view easement that would exceed an elevation of 631.30 feet over sea level." It was undisputed that the view easement had been recorded and that Fritzsch had notice of the restrictive language.

{¶ 3} Fritzsch began construction of a home on its property. The house included rear decks supported by concrete footers.

{¶ 4} In 2007, the Nieses filed suit against Fritzsch, claiming that the house and its appurtenances encroached upon the view easement. The trial court issued a preliminary injunction halting construction of the home pending the resolution of the lawsuit.

{¶ 5} Fritzsch conceded that the main structure of the house encroached on the view easement. The amount of damages caused by the encroachment was determined by a jury, which returned a verdict of $166,000 in favor of the Nieses. Fritzsch has not appealed the judgment entered in accordance with that verdict.

{¶ 6} Although the decks and footers were below the elevation of 631.30 feet above sea level, the trial court ordered their removal, holding that they also encroached upon the easement.

{¶ 7} In addition, the court journalized an entry indicating that the house continued to encroach on the easement, and it ordered that notice of the continued encroachment be filed with the county recorder's office. In that same entry, the court ordered any conveyance of the property to be subordinate to the damages for the encroachment. The court also awarded the Nieses attorney fees in the amount of $92,863.08. Finally, the court reserved jurisdiction to issue any orders it deemed appropriate in the event that Fritzsch were to file a bankruptcy petition.

## Removal of the Decks

{¶ 8} In its first assignment of error, Fritzsch now argues that the trial court erred in ordering the removal of the decks and footers from the house. Although Fritzsch concedes that the decks and footers were "structures" within the meaning of the view easement, it argues that the court erred in construing the easement to encompass anything beneath the stated elevation of 631.30 feet above sea level.

 {¶ 9} The purpose of construing an instrument of conveyance is to determine the intent of the parties.[1] The intent of the parties is presumed to reside in the language they chose to effectuate the conveyance.[2] If possible, a court should give effect to every provision contained in the instrument of conveyance.[3] The construction of an instrument of conveyance is a question of law, and we review the trial court's judgment de novo.[4]

{¶ 10} In this case, we find no error in the trial court's interpretation of the easement. The easement specifically enumerated what was prohibited within the easement area as a whole and then stated that *nothing* was permitted above the 631.30–feet–elevation mark. Had the easement limited the use of the property only above the 631.30–feet mark, the portion of the easement language specifically prohibiting certain uses would have been superfluous. In other words, the easement could have simply included a blanket prohibition of any use above the stated elevation and omitted any reference to specific uses. But because it did not do so, we hold that the trial court's interpretation was correct.

{¶ 11} Nonetheless, Fritzsch argues that the interpretation rendered by the trial court was unreasonable because it in effect prohibited any use of the property below the stated elevation. This argument is without merit. The easement prohibited only structures or vegetation below 631.30 feet in the restricted area. As the Nieses correctly note, items such as lighting, bird feeders, or other impermanent features would be permitted under the trial court's construction of the easement.

{¶ 12} The trial court correctly determined that the decks and supporting footers constituted an encroachment into the easement, and we overrule the first assignment of error.

### Injunctive Relief and Damages

 {¶ 13} In its second assignment of error, Fritzsch argues that the trial court erred in awarding both monetary damages and injunctive relief. We find no merit in this argument.

{¶ 14} First, as we have already noted, the damages and injunctive relief were awarded separately and related to distinct portions of the property: damages

---

1. *Graham v. Drydock Coal Co.* (1996), 76 Ohio St.3d 311, 313, 667 N.E.2d 949.

2. Id., citing *Kelly v. Med. Life Ins. Co.* (1987), 31 Ohio St.3d 130, 31 OBR 289, 509 N.E.2d 411, paragraph one of the syllabus.

3. *Smead v. Graves*, 9th Dist. No. 23770, 2008-Ohio-115, 2008 WL 142439, ¶ 14, citing *Farmers Natl. Bank v. Delaware Ins. Co.* (1911), 83 Ohio St. 309, 94 N.E. 834.

4. *Graham* at 313, 667 N.E.2d 949.

were awarded for the encroachment by the main structure of the house, while injunctive relief was ordered with respect to the decks and their supporting footers. Fritzsch's suggestion, then, that there was in some sense a double penalty is incorrect.

{¶ 15} But Fritzsch relies on *Martin v. Lake Mohawk Property Owners Assn.*[5] for the proposition that injunctive relief was simply not available in this case. In *Martin*, a house was in violation of set-back requirements imposed by a restrictive covenant.[6] The court held that the proper remedy was damages, not injunctive relief.[7]

{¶ 16} But in its decision, the *Martin* court emphasized that "[i]n determining whether to grant an injunction, the court utilizes a balancing process to weigh the equities involved. * * * In weighing these equities, courts have refused to order destruction of costly structures as a matter of economic waste * * *."[8] For this reason, the *Martin* court did not foreclose injunctive relief in cases involving structures that violate restrictions on property use; it merely required a balancing of equities to determine if injunctive relief is a suitable remedy.

{¶ 17} Under such a balancing test, the court in this case correctly determined the proper remedies for the respective portions of the property. The destruction of the house would have been costly as a matter of economic waste, rendering damages the proper remedy. But because the removal of the decks was less wasteful, their destruction was warranted to prevent a continued encroachment on the view easement. Thus, the *Martin* decision supports the trial court's holding in the case at bar.

## Marketable Title

{¶ 18} Next, Fritzsch contends that the trial court erred in journalizing the notice of continuing encroachment and in requiring the notice of the encroachment to be filed with the recorder's office. Fritzsch argues that the entry and notice violated its right to convey marketable title to the property.

{¶ 19} We find no error. Fritzsch did not pay the Nieses to have the easement extinguished; it was merely held liable for damages as a result of the house's encroachment on the easement. Accordingly, the encroachment remained, and

---

5. *Martin v. Lake Mohawk Property Owners Assn.*, 7th Dist No. 04–CA–815, 2005-Ohio-7062, 2005 WL 3610352, and 7th Dist. No. 06–CA–841, 2007-Ohio-6432, 2007 WL 4225592.

6. Id.

7. Id.

8. *Martin*, 2005-Ohio-7062, 2005 WL 3610352, at ¶ 50.

Fritzsch has not demonstrated any unfairness in the notice becoming part of the chain of title.

{¶ 20} But Fritzsch further argues that the court erred by ordering that any conveyance or encumbrance of the property "shall be subordinate to the monetary judgments entered in this action."

{¶ 21} This argument is well taken. Liens may be created only by agreement of the parties or by a fixed rule of law; they cannot be created by courts.[9] Thus, we must reverse the judgment to the extent that the trial court created a lien on Fritzsch's property. In all other respects, we overrule the second assignment of error.

## Attorney Fees and Expenses

{¶ 22} In its third assignment of error, Fritzsch argues that the trial court erred in awarding attorney fees and expenses. The Nieses concede that there was no basis for awarding fees, and we sustain the assignment of error.

## The Trial Court's Reservation of Jurisdiction

{¶ 23} In the fourth and final assignment of error, Fritzsch contends that the trial court erred in reserving what the court termed its "inherent equitable powers" to issue any order it might deem necessary "should Defendant seek protection under bankruptcy laws or a discharge of any amount awarded in this case to Plaintiffs."

{¶ 24} A trial court possesses the inherent authority to enforce its own judgments.[10] Nonetheless, the filing of a petition in bankruptcy gives rise to an automatic stay of all proceedings against a debtor unless the bankruptcy court grants relief from the stay.[11] An adjudication of the dischargeability or nondischargeability of a debt is within the exclusive jurisdiction of the bankruptcy court.[12]

{¶ 25} So to the extent that the trial court reserved the authority to act in contravention of the bankruptcy laws, the trial court's order was erroneous. We sustain the assignment of error, and we must vacate the order in that respect.

---

9. *Great Am. Ins. Co. v. Thompson Trust,* 1st Dist. No. C–040127, 2006-Ohio-304, 2006 WL 199751, fn. 5.

10. *Record Publishing Co. v. Kainrad* (1990), 49 Ohio St.3d 296, 300, 551 N.E.2d 1286.

11. Section 362, Title 11, U.S.Code; *Essad v. Cincinnati Cas. Co.* (Apr. 16, 2002), 7th Dist. No. 00 CA 199, 2002 WL 924439, *4.

12. See, e.g., *Miller v. Lagos,* 11th Dist. No. 2008–T–0014, 2008-Ohio-5863, 2008 WL 4877285, ¶ 11.

## Conclusion

{¶ 26} We hereby reverse the judgment creating a lien on Fritzsch's property, the entry awarding attorney fees and expenses, and the entry reserving jurisdiction to issue orders in contravention of bankruptcy laws. In all other respects, the judgments of the trial court are affirmed.

Judgment accordingly.

SUNDERMANN and DINKELACKER, JJ., concur.