[Cite as *Jochum v. State ex rel. Mentor*, 2020-Ohio-4191.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| MICHAEL JOCHUM, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2020-L-032** |
| STATE OF OHIO ex rel. | : | |
| CITY OF MENTOR, et al., | | |
| | : | |
| Defendants-Appellees. | | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2019 CV 001687.

Judgment: Affirmed.


*Michael P. Harvey*, Michael P. Harvey Co., L.P.A., 311 Northcliff Drive, Rocky River, OH 44116 (For Plaintiff-Appellant).

*Joseph P. Szeman*, Hennig, Szeman & Klammer Co., LPA, 8500 Station Street, Suite 245, Mentor, OH 44060 (For Defendant-Appellee, City of Mentor).

*Richard N. Selby, II*, Dworken & Bernstein Co., LPA, 60 South Park Place, Painesville, OH 44077 (For Defendants-Appellees, the Osborne Defendants).

*William Joseph Baker*, Baker & Roszczyk, LLC, 175 Park Place, Chagrin Falls, OH 44077 (For Defendant-Appellee, Mary Ann Osborne).


TIMOTHY P. CANNON, P.J.

{¶1} Plaintiff-appellant, Michael Jochum ("Mr. Jochum"), appeals from the February 18, 2020 order of the Lake County Court of Common Pleas, in which the trial court (1) denied Mr. Jochum's motions to strike; (2) denied certain other pending

motions as moot; (3) granted the motion to dismiss filed by the city of Mentor; and (4) granted the motions to dismiss and/or for summary judgment filed by Mary Ann Osborne ("Mrs. Osborne") and the Osborne Defendants.[1] Concluding Mr. Jochum's arguments on appeal are without merit, we affirm the trial court's judgment.

## The Complaint

{¶2} On October 17, 2019, Mr. Jochum filed a seven-count complaint in the Lake County Court of Common Pleas, assigned Case No. 19CV001687, against the Osborne Defendants, Mrs. Osborne, and "State of Ohio, ex rel. City of Mentor Director of Law Joseph P. Szeman." He requested declaratory judgment and alleged claims of fraud, intentional interference with property rights, intentional interference with prospective economic advantage, negligence, slander of title, and trespass. No documents were attached to the complaint.

{¶3} In the complaint, Mr. Jochum recites the "Facts Common to All Counts" as follows:

> *1. Jochum purchased the property at 9603 Deer Ridge, Mentor, Ohio 44060.*
>
> *2. Unbeknownst to him, the case of* State of Ohio ex rel. Michael DeWine, Ohio Attorney General, *Case No. 13CV001868 before Judge O'Donnell was pending.*
>
> *3. The previous owners of the property he purchased either were not aware of this litigation or did not intervene into the litigation.*

---

1. The Osborne Defendants include Jerome T. Osborne, Osborne Co. Ltd., The Georgianne S. Osborne Family Memorial Trust, Osborne Concrete & Stone Co., Lakeshore Blvd. Properties Ltd., Richard M. Osborne, Georgeanne Osborne Gorman, Michael E. Osborne, Jacqueline Osborne Fisher, William V. Krug, Jerome T. Osborne III, William L. Mackey, and Jerome Cash Osborne. It appears from the docket of the previous case, Case No. 19CV000779, that Jerome T. Osborne predeceased the complaint in that action. In that case, Mr. Jochum requested to substitute the individual Osborne Defendants as fiduciaries of Jerome T. Osborne's Estate. In the case sub judice, Mr. Jochum again named Jerome T. Osborne as a defendant and each individual Osborne that he had previously identified as a fiduciary.

*4. They were affected by the salt and other hazardous materials dumped underneath the property at 9603 Deer Ridge.*

*5. This has been determined by the Lake County General Health District as well as the Ohio EPA.*

*6. The prior owners of the property, Krankovich and Noga, were found by a Lake County jury to be guilty of fraud in failing to disclose this information to Jochum.*

*7. Following this Order, the jury awarded $5,000.00 to Jochum in part because he did not have a damages expert due to difficulties with his prior counsel.*

*8. The undersigned counsel wrote to counsel for the State of Ohio Attorney General's Office asking for the right to intervene in the Consent Order issued on or about January 9, 2019.*

*9. The Attorney General's Office have refused to permit Jochum to be included in the Consent Order, necessitating this litigation.*

*10. Jochum desired to be considered for the remedial monies associated with the Consent Order and specifically ¶5 on Page 4 which deals with the damages resulting to the real property from fly ash, salt and other materials in the salt fill site which included Jochum's property unbeknownst to him until carved out for homes.*

*11. Jochum is aware that the sum of $10,600,000.00 was put into a fund to be used by the Ohio EPA for the purpose of remediating the salt fill site and eliminating the ongoing pollution to the Mentor Marsh.*

*12. But, the original parties to that litigation did not include Jochum's property because it was mistakenly believed, or misidentified to Mentor, that the property did not have salt tailings under it when in fact it did.*

{¶4} The first count of Mr. Jochum's complaint requests declaratory judgment, in which he asks the trial court to declare that he should be part of a Consent Order that was issued on January 9, 2019, by another judge of the Lake County Court of Common Pleas in Case Nos. 13CV001868 and 16CV001144, to which he was not a party. More

specifically, in his prayer for relief, Mr. Jochum requests the trial court to declare as follows:

> [T]hat Mr. Jochum, who owns the property under which is the salt tailings and other dangerous chemicals dumped there by Osborne and related companies for decades, should have been able to participate in the January 2019 settlement to remediate or buy his property, all of which is described in Lake County Case Nos. 13CV001868 and 16CV001144 which Mr. Jochum's predecessor owners tried to participate in only to be thwarted by Osborne's agents, who provided a false narrative as to what the source of their problems were when they knew, or should have known, that the problems were exactly identical to what ended up being settled in January 2019, but those people were never told.

{¶5} With regard to the next four counts—fraud, intentional interference with property rights, intentional interference with prospective economic advantage, and negligence—Mr. Jochum repeats the same fourteen paragraph recitation under each individual count, as follows:

> Whether by fraudulent concealment or fraudulent misrepresentation, one or more of the Defendants, together with companies they created or controlled, falsely told the City of Mentor and its respective Boards and Agencies and Officials that the property they wished to develop as carved out from the Mentor Marsh was safe for development.
>
> As it turned out, that property was not safe for development, and at least the Jochum and one other property next to him has the same amounts and types of materials under his property as does the Mentor Marsh which is the subject of a January 2019 Settlement Agreement that excluded the Jochum property and the property next to him.
>
> These properties were carved out of the Mentor Marsh by one or more of the Defendants years ago in an effort to develop residences without proper safeguards to ensure that these residences were not sitting on "dead land" which is in fact the case.
>
> The people that Mr. Jochum bought the property from apparently discovered problems with their basement walls, the air in their

4

*basement, their sump pump system and their footer drains throughout the entire time they owned the property.*

*They were found guilty of fraud by a Lake County jury in 2019 for fraudulent concealment of that information from Mr. Jochum.*

*They withheld this information so they could get a price from Mr. Jochum that they would not have gotten had they disclosed that information.*

*They also sued their builder for reasons and for claims that we cannot determine because the builder and the sellers will not provide that information, claiming that it is private information pursuant to the contract with each other.*

*According to the sellers, they lost that Arbitration for reasons again that we cannot determine, but the sellers had reason to believe they needed to sue somebody for all the problems that were caused to them. And, right after they lost the Arbitration is when they decided to withhold information and sell the property to Jochum.*

*But, all of this was put into motion by one or more of the Defendants and their agents and entities back when they told the City of Mentor that the property was perfectly acceptable upon which to build homes, which in fact was a false statement.*

*When the previous owners to Jochum reached out to the sellers and the Osbornes, they were rebuffed by Osborne's legal counsel at the time, copies of which is attached hereto,[2] which show that the information provided by the lawyers, hopefully through their clients, was false.*

*This information was never corrected to these prior owners, and they should have been informed of the misstatements by the lawyers and should have been asked to be part of the litigation because the property upon which the Jochum residence sits is going to require, by rough estimates, over $300,000.00 at least to remediate, which is far more than the property is worth.*

*In short, no property should ever have been built on Jochum's property as well as the property next to it which is vacant. And, that is the same reason no property has ever been built on any other part of the Mentor Marsh because this is the only part that was carved out by Osborne and its related companies.*

---

2. No copies of any documents were attached to the complaint.

*We believe that one or more of these parties and/or entities and agents committed fraud, both on the City of Mentor as well as the Jochum predecessors, both by withholding the information, by misleading the City of Mentor, by knowing it was likely to contain the same material as what they dumped in the Mentor Marsh for decades, and then having their lawyers tell them that they were wrong and forcing them to spend tens of thousands of dollars fixing this for years and then to sue the Osborne-created builder and then lose that for reasons that we suspect had to do with the fact that the builder probably legally was out of the loop on the information. But, we do not know because we do not have the material.*

*As a result of the allegations contained in this count, we respectfully request damages in an amount to be determined at trial.*

{¶6} Finally, with regard to the last two counts of the complaint, Mr. Jochum alleged the following:

*Slander of Title* – *Due to the actions of the Defendants and/or their agents in ruining the soil under the home, misidentifying information to the City of Mentor as well as the Jochum predecessor owners, the title the property* [sic] *has been adversely affected. Jochum's title is and has been perpetually besmirched by one or more actions of the Defendants and/or their agents and, as a consequence, Jochum's value has been irreparably damaged in an amount to be determined at trial.*

*Trespass* **–** *One or more of the Defendants through their agents came on to the Jochum property or the property of the predecessor owners in privity, and dumped salt tailings, fly ash and other chemicals over many decades. None of this was disclosed to Jochum, either when he bought the property or from what we understand now to the Jochum predecessor owners, Krankovich and Noga when they purchased the property from an entity created by the Osborne family or related Osborne family members in order to sell certain lots carved out from the Mentor Marsh. From what we understand now, the City of Mentor was told that the property was free of contaminants which was false. This trespass has created a serious blight on the title and rights of Mr. Jochum as well as potential for sale because preliminary estimates are Jochum would be likely to get only as much as fifteen to twenty thousand dollars at most for this property which would have to be severely remediated at a very high cost. As a result of the trespass by one*

6

*or more of the Defendants and/or their agents, Jochum has been damaged in an amount to be determined at trial.*

**The City of Mentor**

{¶7} On November 12, 2019, the city of Mentor filed a Motion for Definite Statement, pursuant to Civil Rule 12(E). Specifically, the city requested clarification as to (1) who exactly is the named defendant and (2) which counts are directed at that defendant.

{¶8} Mr. Jochum opposed the motion on the basis that Ohio is a notice pleading state and upon his declaration that "the City of Mentor is well aware of Mr. Jochum's concerns, because he has not at all been secretive of the process nor shy about explaining his problems with sitting in a home that's virtually worthless because of the actions of others."

{¶9} The trial court granted the motion on December 16, 2019, and ordered Mr. Jochum to (1) "clarify whether its claims are against the State of Ohio, the City of Mentor, or the Law Director of the City of Mentor"; and (2) "specify which of its claims are asserted against this defendant and provide a short, plain statement of the basis for his claims against this defendant."

{¶10} On January 2, 2020, Mr. Jochum filed a response to the court order requiring a more definite statement. He explained that "the claims are against the City of Mentor via the Law Director for the City of Mentor." With regard to which claims were brought against the city of Mentor, he wrote:

> *The Plaintiff will be more than happy to provide the Court with an amended Complaint detailing what we understand to be the City of Mentor's culpability in the situation. But before we get to that, the City of Mentor was approached by an entity controlled by one or more of the Osborne defendants. This entity and the City of Mentor*

7

*over several years had numerous discussions concerning a carve-out of the Mentor Marsh for a new home subdivision.*

*Obviously, Mr. Jochum was totally unaware of this, as were the Jochums' predecessor owners. The City of Mentor, from the documents we were able to obtain in 2019, showed great concern for such a carveout, considering how close this subdivision is to the Mentor Marsh contaminated area.*

*The City of Mentor, its boards, its governmental agencies, its agents and others, on behalf of the City of Mentor went forward doing a great deal of due diligence over what appears to us to be a couple of years, during which time borings were submitted by this Osborne-related company justifying its position that no contaminants were found in the subdivision similar to the Mentor Marsh, and that the carve-out was legitimate and proper.*

*Eventually, this carve-out was done, the Osborne-related defendants carved out the subdivision, homes were built and sold, and one of these was to Mr. Jochum's predecessors, who moved in as new owners to a new home right on the edge of the Mentor Marsh.*

*Again, according to the paperwork we received in 2019, the predecessor owners were experiencing and expressing concerns over numerous problems in their basement, almost from the beginning of their ownership.  \* \* \**

*The predecessor owners were very adamant about finding out what to do about this situation.  They were in contact with the City of Mentor and its officials regularly.  They also tried to contact the builder, Mr. Osborne, state, city and local officials, all of whom either ignored them or pointed them in a direction away from the fact that under their foundation was all of the contaminants that are found in the Mentor Marsh causing the same problems over there as they are causing to a homeowner having a home built on it.  \* \* \**

*So to put a finer point on this, we don't know at this time, without further discovery, whether the City of Mentor was reckless or worse with respect to the receipt of the information they received though this process by one or more of the Osborne-related companies or agents.  We don't know because we haven't had a chance through discovery, whether they did all they could do at the time and should not be a party, or whether they did not do all they could have done at the time, or subsequent to the time and are culpable for at least*

*not ensuring the new home the predecessor owners owned and now Mr. Jochum owns, is not sitting on a contaminated EPA site.*

{¶11} On January 10, 2020, the city of Mentor filed a Motion to Dismiss, pursuant to Civil Rule 12(B)(6) for failure to state a claim upon which relief can be granted and Civil Rule 12(E) for failure to comply with the order to provide a more definite statement.

{¶12} Mr. Jochum opposed the motion to dismiss, again stating he would file an amended complaint if the trial court ordered him to do so. He requested the court deny the motion to dismiss and "to direct us as necessary to file an Amended Complaint; and to instruct the Defendant, City of Mentor, to stop filing unnecessary, frivolous motions designed to waste time and effort when all we need to do is get into the discovery of the case to understand Mentor's role with respect to the contaminants under Mr. Jochum's property."

### The Osborne Defendants and Mrs. Osborne

{¶13} On December 18, 2019, the Osborne Defendants filed a Motion to Dismiss and/or in Alternative Motion for Summary Judgment. The motion was brought pursuant to Civil Rule 12(B)(6) for failure to state a claim upon which relief can be granted. The motion for summary judgment was additionally based on the doctrine of res judicata. The motion further raised the defense of collateral estoppel and argued the claims against the Estate of Jerome T. Osborne were time-barred. The Osborne Defendants also filed a motion to stay discovery until the trial court ruled on their motion to dismiss.

{¶14} On December 24, 2019, Mrs. Osborne filed a Motion to Dismiss, for the same reasons set forth and explained in the Osborne Defendants' Motion to Dismiss

9

and/or for Summary Judgment, to which Mrs. Osborne referred and incorporated by reference.

{¶15} Attached to the motion for summary judgment was an affidavit of counsel for the Osborne Defendants, which incorporated by reference and attachment thereto sworn copies of various pleadings and orders from a previous case filed by Mr. Jochum in the Lake County Court of Common Pleas, assigned Case No. 19CV000779. The named defendants in that case were "State of Ohio, ex rel. Dave Yost Ohio Attorney General; State of Ohio, ex rel. City of Mentor Director of Law Joseph P. Szeman; Jerome T. Osborne; Osborne Company Limited; The Georgianne S. Osborne Family Memorial Trust; Osborne Concrete & Stone Co.; and Lakeshore Boulevard Properties Ltd." The complaint had requested declaratory relief and the right to intervene in the litigation that resulted in the Consent Order regarding Mentor Marsh (i.e., Case No. 13CV001868). The trial court had granted the motion to dismiss filed by the named Osborne Defendants and the motion to dismiss filed by the state of Ohio, pursuant to Civil Rule 12(B)(6), for failure to state a claim upon which relief could be granted. Subsequently, Mr. Jochum had voluntarily dismissed his claims against the city of Mentor without prejudice. Mr. Jochum did not appeal the trial court's dismissal order.

{¶16} In the case at hand, Mr. Jochum did not respond to the dispositive motions filed by the Osborne Defendants and Mrs. Osborne. He did file Motions to Strike, however, asserting the motions were improper at that stage in the litigation and that the Osborne Defendants had failed to respond to written discovery.

{¶17} The Osborne Defendants responded to the Motion to Strike, arguing the motion for summary judgment was necessary in order for the trial court to properly address the issue of res judicata.

{¶18} On January 28, 2020, the Osborne Defendants filed a motion for a telephone status conference to discuss the outstanding discovery dispute, which Mr. Jochum opposed.

**Trial Court's Order**

{¶19} On February 18, 2020, the trial court issued the order that is now the subject of appeal. The court denied Mr. Jochum's motions to strike; granted the city of Mentor's motion to dismiss; granted the Osborne Defendants' motion to dismiss and/or for summary judgment; granted Mrs. Osborne's motion to dismiss and/or for summary judgment; and denied as moot the Osborne Defendants' motion to stay discovery and motion for a telephone status conference.

{¶20} With regard to the city of Mentor, the trial court held that Mr. Jochum did not comply with the order to provide a more definite statement, as he neither specified which claims were asserted against the city nor provided a short and plain statement of the basis for his claims against the city. Moreover, Mr. Jochum's response did not allege any misconduct on the part of the city. Thus, the trial court concluded that taking as true the allegations in the complaint and the response to the order for more definite statement, Mr. Jochum failed to state a cause of action against the city of Mentor. The city's motion to dismiss was well taken and granted.

{¶21} As pertains to Mr. Jochum's motions to strike, the trial court held that the exhibits attached to the Osborne Defendants' motion to dismiss and/or for summary

11

judgment, which were incorporated by affidavit, were appropriate Civil Rule 56(C) evidence. The trial court further stated that Mr. Jochum had not requested a Civil Rule 56(F) continuance, thus his argument that further discovery was needed before he could respond to the motions was not well taken. The motions to strike were denied.

{¶22} The trial court granted the Osborne Defendants' and Mrs. Osborne's motions to dismiss and/or for summary judgment. First, the trial court concluded Mr. Jochum's claims were barred by the doctrine of res judicata, explaining:

> The allegations in the plaintiff's complaint are nearly identical to the allegations in his complaint filed in 19CV000779, although the complaint in that matter sought only declaratory judgment. The court granted the defendants' motions to dismiss in Case No. 19CV000779, but the case remained pending against the City of Mentor. However, the plaintiff dismissed his claims against the City of Mentor without prejudice on September 16, 2019, thereby making the order granting the other defendants' motions to dismiss a final order. *Denham v. New Carlisle*, 86 Ohio St.3d 594, 1999-Ohio-128. Moreover, the remaining claims in the complaint in this case are based on the same factual allegations as the complaint in 19CV000779, and could have been brought in that case. "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 1995-Ohio-331, syllabus. Therefore, the court finds that the plaintiff's claims are barred by *res judicata*.

{¶23} The trial court further concluded Mr. Jochum's complaint failed to state a claim upon which relief could be granted, for the following reasons:

> His declaratory judgment claim asks this court to declare that he be permitted to participate in a settlement in a different case to which he was not a party, that was not before this court, and involved (based on the case caption referenced in the complaint) at least one other party who is not a party to this action. The court is unaware of any authority to make such an order, and the plaintiff cites to none.

12

Further, the plaintiff's claims for fraud, intentional interference with property rights, intentional interference with prospective economic advantage, and negligence essentially allege that the Osborne Defendants and/or Mary Ann Osborne withheld information from or made misrepresentations to the City of Mentor and/or the prior owners of the property regarding the condition of the property at issue in this matter. There are no allegations that these defendants withheld information from or made misrepresentation to the plaintiff.

The complaint further includes a claim for slander of title. However, there are no allegations that the defendant published a slanderous statement disparaging the plaintiff's title. *LeVangle v. Raleigh*, 2d Dist. Montgomery No. 27946, 2019-Ohio-810, ¶32.

Finally, the plaintiff's claim for trespass alleges that the defendants trespassed on the property and dumped "salt tailings, fly ash and other chemicals over many decades." However, it is clear from the complaint that this alleged trespass occurred prior to the plaintiff's ownership of the property.

## Assignments of Error

{¶24} Mr. Jochum noticed a timely appeal from the trial court's final order and raises two assignments of error for our review:

> [1.] The Trial Court committed prejudicial error and abused its discretion by granting 12(B) dismissal and summary judgment in the alternative.
>
> [2.] The Trial Court committed prejudicial error and abused its discretion in granting dismissal based on *res judicata* and/or collateral estoppel in as much as the elements of issue and claim preclusion were not met.

{¶25} Under his first assignment of error, Mr. Jochum asserts the trial court erred in granting the motions to dismiss by ignoring Civil Rules 8 and 12, as well as Ohio common law, which disfavors dismissal and requires only notice pleading. He also contends that, at a minimum, the trial court should have permitted an amended complaint rather than granting the city's motion for more definite statement. Under his

13

second assignment of error, Mr. Jochum asserts the trial court erred in concluding his claims were barred by the doctrine of res judicata.

## Standard of Review

{¶26} Each of the trial court's actions of which Mr. Jochum protests are subject to de novo review on appeal:

{¶27} "An order granting a Civ.R. 12(B)(6) motion to dismiss is subject to de novo review." *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶5. "The determination of whether an action is barred by the doctrine of res judicata is a question of law which an appellate court reviews de novo." *Miller v. Lagos*, 11th Dist. Trumbull No. 2008-T-0014, 2008-Ohio-5863, ¶15 (citation omitted). Also, whether the trial court applied the wrong legal standard is an argument we review de novo. *Butler v. Lubrizol Corp.*, 11th Dist. Lake No. 2014-L-104, 2015-Ohio-1216, ¶20. And, finally, "the determination of whether the trial court properly granted summary judgment below involves only questions of law and is considered on a *de novo* basis." *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996) (citation omitted).

{¶28} Thus, we have conducted our own review of the record, independently and without deference to the trial court's determinations.

## Application of the Civil Rules

### Civil Rule 12(B)(6) and Civil Rule 8(A)

{¶29} Mr. Jochum first argues the trial court failed to apply the proper legal standard to the Civil Rule 12(B)(6) motions to dismiss. It is clear from the trial court's order, however, that it applied the proper standard. Further, Mr. Jochum does not

14

support this assertion with any explanation or citation to the order. Instead, he merely recites the legal standard. This argument is not well taken.

{¶30} Next, Mr. Jochum asserts the trial court failed to adhere to Ohio's Civil Rule 8(A) notice pleading standard, because it is not necessary for the complaint to "carry the full blueprint for the impending trial."

{¶31} "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992) (citation omitted). "In construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988) (citations omitted). "Consequently, 'as long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss.'" *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, ¶29, quoting *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991).

{¶32} This standard is consistent with Civil Rule 8(A), which provides for notice pleading: "A pleading that sets forth a claim for relief * * * shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." Civ.R. 8(A); *Hanson, supra*, at 549.

{¶33} "Thus, to survive a motion to dismiss for failure to state a claim upon which relief can be granted, a pleader is ordinarily not required to allege in the complaint

15

every fact he or she intends to prove; such facts may not be available until after discovery." *Hanson*, *supra*, at 549, citing *York*, *supra*, at 144-145. Nevertheless, "although the 'no set of facts' test is very permissive, the plaintiff still bears the responsibility of crafting 'a short and plain statement of the claim *showing that the party is entitled to relief.*'" *Evans v. Ohio Dept. of Rehab. & Correction*, 10th Dist. Franklin No. 19AP-756, 2020-Ohio-1521, ¶17 (emphasis sic), quoting Civ.R. 8(A) and *York*, *supra*, at 145.

{¶34} Here, Mr. Jochum's complaint does not show that he is entitled to any relief from the defendants such that it could survive a sufficiency challenge under Civil Rule 12(B)(6). The material allegations of his complaint are that somebody—it is unclear who, but maybe one of the Osborne Defendants or Mrs. Osborne—withheld information or made misrepresentations that his property was safe to be developed when it actually was not; but the misrepresentations were not made to him—they were made to the city of Mentor and/or to the previous owners of his property. He alleges absolutely no wrongdoing on the part of the city of Mentor but instead speculates that it, too, may or may not have been wronged by one of the Osborne Defendants or Mrs. Osborne. And, finally, he states a legal conclusion that one or some of the Osbornes slandered his title to the property, without any factual basis whatsoever, and that one or some of the Osbornes trespassed on his property before he owned it.

{¶35} In short, it is apparent that Mr. Jochum believes he is entitled to relief for harm that was done to his property prior to his purchase of the property. He provided no factual allegations to support why he is entitled to any relief from the city of Mentor. Further, the factual allegations to support why he is entitled to relief from any of the

Osborne Defendants or from Mrs. Osborne are entirely speculative and fail to allege how they harmed Mr. Jochum, as opposed to third parties. Finally, the trial court did not have authority to issue the requested declaratory judgment—that he be permitted to participate in a settlement order issued in a separate case before a different court that had already been disposed.

{¶36} As such, Mr. Jochum's complaint was insufficient, even under the liberal notice pleading standard, to avoid dismissal under Civil Rule 12(B)(6).

### Federal Civil Rule 12(b)(6)

{¶37} Mr. Jochum next contends that the trial court inappropriately used the heightened pleading standard of the federal rules of civil procedure. Federal courts require the pleader to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("only a complaint that states a plausible claim for relief survives a motion to dismiss").

{¶38} Mr. Jochum believes the trial court was too stringent in its review of his complaint because "'the motion to dismiss is viewed with disfavor and should rarely be granted.'" *Tuleta v. Med. Mut. of Ohio*, 8th Dist. Cuyahoga No. 100050, 2014-Ohio-396, ¶15, quoting *Slife v. Kundtz Properties, Inc.*, 40 Ohio App.2d 179, 182 (8th Dist.1974). However, as was acknowledged in the same opinion upon which Mr. Jochum relies: "'Nevertheless, to constitute fair notice, the complaint must still allege sufficient underlying facts that relate to and support the alleged claim, and may not simply state legal conclusions.'" *Id.* at ¶12, quoting *Grossniklaus v. Waltman*, 5th Dist. Holmes No. 09CA15, 2010-Ohio-2937, ¶26.

17

{¶39} As held above, Mr. Jochum's complaint failed to meet Ohio's liberal standard by failing to allege either cognizable causes of action against the defendants or short and plain statements showing he is entitled to relief. That, in and of itself, is not an indication that the trial court applied a heightened standard, and we glean nothing from the record in support of the contention.

Civil Rule 10(C)

{¶40} Pursuant to Civil Rule 10(C), "[a] copy of any written instrument attached to a pleading is a part of the pleading for all purposes." Mr. Jochum contends the trial court refused to consider documents incorporated into his complaint. Mr. Jochum did not attach any written instruments to his complaint. We reject this argument.

Civil Rule 8(E)(2) and (F)

{¶41} Mr. Jochum next asserts the trial court failed to comply with the following civil rules:

> (E)(2) A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or equitable grounds. All statements shall be made subject to the obligations set forth in Rule 11.

> (F) All pleadings shall be so construed as to do substantial justice.

Civ.R. 8.

{¶42} Mr. Jochum does not state which of his claims he believes were made in the alternative, and our review of the complaint reveals none. There are multiple claims, not necessarily inconsistent with each other, that simply do not state a claim

upon which relief may be granted. The trial court also did not dismiss the complaint on this basis. Further, nothing in the record or the trial court's orders indicate that it construed the pleadings so as not to do substantial justice. Dismissal of an insufficient complaint does not equate to a dismissal "out of hand."

## Civil Rule 12(E)

{¶43} Mr. Jochum also contends the trial court required a heightened pleading burden by granting the city of Mentor's motion for more definite statement, filed pursuant to Civil Rule 12(E). The trial court's entry granting the motion for more definite statement was not included in Mr. Jochum's notice of appeal. Accordingly, we decline to address an argument that attempts to assign error to that decision. *See* App.R. 3(D) ("The notice of appeal * * * shall designate the judgment, order or part thereof appealed from * * *."); and App.R. 12(A)(1)(a) (a court of appeals "shall review * * * the judgment or final order appealed").

## Civil Rule 15

{¶44} Additionally, Mr. Jochum argues the trial court should have provided him with an opportunity to amend his complaint. The trial court did not prevent Mr. Jochum from filing an amended complaint. The logical time to have filed or requested leave to file an amended complaint would have been when the trial court ordered a more definite statement. Instead, Mr. Jochum told the court he would "be more than happy to provide the Court with an amended Complaint." He did not choose to do so, however, despite the liberal procedure outlined in Civil Rule 15 to amend a pleading as a matter of course, or by requesting consent from the opposing party, or by requesting leave of

19

court, which is to be freely given. The trial court did not err by failing to grant relief Mr. Jochum never requested. This argument is not well taken.

Civil Rule 12 and Civil Rule 56

{¶45} Finally, Mr. Jochum argues the trial court erred in permitting the defendants to file a motion for summary judgment in the alternative to a motion to dismiss.

{¶46} Civil Rule 12(B) provides that, "[w]hen a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56."

{¶47} The court is required to "consider only such matters outside the pleadings as are specifically enumerated in Rule 56," *id.*, which the trial court did when it considered defense counsel's affidavit and the sworn copies of documents from the previous case brought by Mr. Jochum. *See* Civ.R. 56(C) & (E). No other evidence was submitted to the trial court, as the only issue raised in the alternative motion for summary judgment was the doctrine of res judicata.

{¶48} Additionally, "[a]ll parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56." Civ.R. 12(B). Mr. Jochum was not prevented from filing a response to the motions, nor was he prevented from filing a Civil Rule 56(F) motion for additional time to conduct discovery. He chose to do neither.

{¶49} Mr. Jochum's first assignment of error is without merit.

## The Doctrine of Res Judicata

### Affirmative Defense

{¶50} Initially, Mr. Jochum argues that it was improper for the trial court to grant a motion to dismiss based on res judicata because it is an affirmative defense. It is true: res judicata is an affirmative defense that "may not be raised by motion to dismiss under Civ.R. 12(B)." *State ex rel. Freeman v. Morris*, 62 Ohio St.3d 107, 109 (1991), citing Civ.R. 8(C). It is properly raised, however, in a motion for summary judgment. *Id.*, citing with approval *Johnson v. Linder,* 14 Ohio App.3d 412 (3d Dist.1984).

{¶51} Here, the trial court applied the doctrine when ruling on the alternative motions for summary judgment, not the motions to dismiss. As we have held the alternative motions for summary judgment were not improper, res judicata was properly raised therein, and this argument is not well taken.

### Not Mandatory

{¶52} Mr. Jochum next contends the trial court applied the doctrine of res judicata "rigidly," as it is "not mandatory" in every action and is "'not a shield to protect the blameworthy.'" We agree with these statements of the law. *Smith v. Ohio Edison Co.*, 11th Dist. Trumbull No. 2014-T-0093, 2015-Ohio-4540, ¶9, quoting *Davis v. Wal-Mart Stores, Inc.*, 93 Ohio St.3d 488, 491 (2001). We do disagree, however, with the idea that the trial court somehow utilized this doctrine to work an injustice or to protect the defendants in this case. We reject this argument.

### Claim Preclusion

{¶53} The substance of Mr. Jochum's argument is that the elements of res judicata were not met here, such that the trial court erred in relying on the doctrine to

21

grant summary judgment. "The doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel." *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, ¶6, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381 (1995).

{¶54} Here, the trial court relied on the concept of claim preclusion. "Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action. Where a claim could have been litigated in the previous suit, claim preclusion also bars subsequent actions on that matter." *Id.*, citing *Grava*, *supra*, at 382 and *Fort Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395 (1998).

{¶55} "For claim preclusion to apply, the parties to the subsequent suit must either be the same or in privity with the parties to the original suit." *Id.* at ¶9 (citation omitted). "[P]rivity is a somewhat amorphous concept in the context of claim preclusion." *Id.* (citations omitted). "A 'mutuality of interest, including an identity of desired result,' might also support a finding of privity. Mutuality, however, exists only if 'the person taking advantage of the judgment would have been bound by it had the result been the opposite.'" *Id.* (internal citations omitted).

{¶56} Because res judicata is an affirmative defense, the party seeking to use the doctrine has the burden of persuasion as it applies to the case. *Miller*, *supra*, at ¶15. To meet this burden on summary judgment, the moving party must "clearly

22

establish the basis of the prior action" and "demonstrate that the instant action arose out of the transaction or occurrence that was the subject of the former action." *Id.*

{¶57} Here, the Osborne Defendants provided the above-referenced evidence relating to the previous case, Case No. 19CV000779, which was the first action brought by Mr. Jochum in the Lake County Court of Common Pleas. These time-stamped documents were sworn to by affidavit of defense counsel. Mr. Jochum does not contest their authenticity or accuracy. Nor did he respond to the motions in any attempt to demonstrate a genuine issue of material fact, such that the doctrine of res judicata should not bar his present action as a matter of law.

{¶58} His previous complaint requested declaratory relief and the right to intervene in the litigation that resulted in the Consent Order regarding Mentor Marsh (Case No. 13CV001868). The trial court granted the Civil Rule 12(B)(6) motion to dismiss in that case, which acted as a dismissal with prejudice. Mr. Jochum did not appeal the trial court's dismissal order.

{¶59} Thus, the final judgment upon its merits rendered by the trial court on August 28, 2019, is a bar to the case sub judice because it is based upon the same facts and the claims either were or could have been previously litigated in the previous action.

{¶60} Mr. Jochum contends claim preclusion should not apply because he "was not a party to the eight-year case that settled in January 2019" and "was not trying to relitigate the State of Ohio environmental claims against the Defendants." This argument misunderstands which adjudication is subject to the claim preclusive effect of res judicata. His current action is not barred because of the previous litigation in Case

23

Nos. 13CV001868 and 16CV001144, which resulted in the Consent Order; it is barred because of his previous complaint filed in Case No. 19CV000779.

{¶61} Mr. Jochum further contends that claim preclusion should not apply because his previous complaint was decided on a motion to dismiss and, therefore, he did not have an opportunity to litigate in the previous case. This argument lacks merit. A dismissal under Civil Rule 12(B)(6) for failure to state a claim is a dismissal with prejudice and, therefore, an adjudication upon the merits. *Grippi v. Cantagallo*, 11th Dist. Ashtabula No. 2011-A-0054, 2012-Ohio-5589, ¶13-14 (citations omitted). As such, it is "vulnerable to a defense of res judicata." *Id.* at ¶7, citing *Tower City Prop. v. Cuyahoga Cty. Bd. of Rev.*, 49 Ohio St.3d 67, 69 (1990), citing Civ.R. 41(B).

{¶62} We conclude that the trial court appropriately applied the doctrine of res judicata, neither rigidly nor errantly, as the defendants met their burden on summary judgment and Mr. Jochum failed to meet his. The trial court did not err in concluding the Osborne Defendants and Mrs. Osborne were entitled to summary judgment, as a matter of law, on Mr. Jochum's complaint. *See* Civ.R. 56(C); *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).

{¶63} Mr. Jochum's second assignment of error is without merit.

{¶64} The judgment of the Lake County Court of Common Pleas is affirmed.


MATT LYNCH, J.,

MARY JANE TRAPP, J.,

concur.

24