JACKSON, Appellant,

v.

LOU COHEN, INC. et al., Appellees.

[Cite as *Jackson v. Lou Cohen, Inc.* (1992), 84 Ohio App.3d 693.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 61332.

Decided Dec. 28, 1992.

*Harold L. Williams,* for appellant.

*Starkoff & Bogart* and *Bruce P. Bogart* for appellees.

SPELLACY, Judge.

Plaintiff-appellant Elizabeth Jackson ("appellant") appeals the trial court's grant of summary judgment in favor of defendants-appellees Lou Cohen, Inc. (d.b.a. Lou Cohen Auto), Robert Cohen, Louis Cohen, Jr., and Louis Cohen ("appellees"), and denial of her motions for partial summary judgment against Lou Cohen Auto and Robert Cohen. Appellant raises the following assignment of error:

"Whether it was appropriate for the trial court to grant appellees' motion for reconsideration, resulting in the denial of appellant's motions for partial summary judgment and the dismissal of appellant's cause of action."

This appeal requires us to determine whether *res judicata* and collateral estoppel bar recovery and, if they do not, whether summary judgment in favor of Lou Cohen Auto and Robert Cohen under R.C. 4549.41 *et seq.* is appropriate.

We find that *res judicata* and collateral estoppel do not bar recovery. We further find that appellant is entitled to summary judgment against Lou Cohen Auto under R.C. 4549.41 *et seq.,* but not Robert Cohen. As a result, we reverse the trial court's grant of summary judgment in favor of appellees, reverse the trial court's denial of appellant's motion for partial summary judgment against Lou Cohen Auto, affirm the trial court's denial of appellant's motion for partial summary judgment against Robert Cohen, and remand.

I

In June 1986, appellant bought a used car from Lou Cohen Auto. In November 1986, appellant sued Lou Cohen Auto, alleging fraud and violations of

R.C. Chapter 1345. Appellant's lawsuit was based on allegations that Lou Cohen Auto failed to incorporate oral promises into the written sales contract and misrepresented the condition of the car. After a bench trial, the trial court found for Lou Cohen Auto.

In May 1989, appellant initiated this lawsuit, alleging fraud and violations of R.C. Chapter 4549. This lawsuit is based on allegations that appellees set back the reading on the car's odometer.

Appellant moved for partial summary judgment finding Lou Cohen Auto liable under R.C. 4549.41 *et seq.* Appellant supported her motion with an affidavit in which she averred that when she bought the car the odometer read 103,006 miles. In her affidavit, appellant further averred that she did not suspect the odometer had been set back until April 25, 1989, when she read a newspaper article stating appellees had been indicted for tampering with odometers.

Appellant also provided Lou Cohen Auto's former title to the car showing an odometer reading of 126,800 miles, her own title to the car showing an odometer reading of 103,006 miles, and a "used vehicle order form" stating that when appellant bought the car its odometer read 103,643 miles.

Appellant provided three additional documents: an assignment of title, notarized by Richard Cohen, in which Regin Schlachet, the previous owner of the car, assigned title of an unidentified car with an odometer reading of 126,800 miles to Lou Cohen Auto, a federal odometer mileage statement, notarized by Richard Cohen, in which Regin Schlachet stated the car's odometer read 103,006 miles, and an assignment of title, notarized by Richard Cohen, with the line for the odometer reading left blank, in which Lou Cohen Auto assigned title to appellant and indicated that "to the best of [its] knowledge the odometer reading reflects the actual mileage."

Initially, the trial court granted appellant's motion and denied appellees' motion. Appellees then filed a motion for reconsideration. They supported their motion with an affidavit in which Robert Cohen averred that the Ohio Bureau of Motor Vehicles made a mistake on appellant's title when it listed the car's odometer reading as "103,000" miles. In his affidavit, Robert Cohen went on to aver that appellant acknowledged in an "affidavit" that the car's odometer read over 126,000. This "affidavit" is a "power of attorney from the customer to make application for title on purchased car," signed by appellant and notarized by Richard Cohen. The power of attorney has a line for an odometer reading. On this line "1—,643" has been written. The second and third digits of this figure have either been scratched out or altered and are illegible.

Appellant also filed a motion for partial summary judgment finding Richard Cohen liable under R.C. 4549.41 *et seq.* Appellant supported her motion with, in

addition to the previous evidentiary material, a transcript of Richard Cohen's deposition taken during her first lawsuit.

The trial court subsequently granted appellees' motion for reconsideration, granted their motion for summary judgment, and denied appellant's motion for partial summary judgment against Robert Cohen.

## II

First, we address whether the trial court properly granted summary judgment in favor of appellees based on *res judicata* and collateral estoppel.

*Res judicata*, also known as "claim preclusion," is the doctrine under which a final judgment on the merits bars a party from bringing another lawsuit based on the same claim. *Whitehead v. Gen. Tel. Co.* (1969), 20 Ohio St.2d 108, 49 O.O.2d 435, 254 N.E.2d 10, paragraph one of the syllabus. *Res judicata* extends to bar not only claims which actually were litigated, but "every question which might properly have been litigated." *Stromberg v. Bratenahl Bd. of Edn.* (1980), 64 Ohio St.2d 98, 100, 18 O.O.3d 343, 344, 413 N.E.2d 1184, 1186.

Appellees, relying on Robert Cohen's affidavit, argue that appellant should have raised her odometer set-back claim in her first lawsuit.

A reviewing court must follow the standard set forth in Civ.R. 56(C) when it reviews a summary judgment. *Albain v. Flower Hosp.* (1990), 50 Ohio St.3d 251, 254, 553 N.E.2d 1038, 1042. Civ.R. 56(C) provides that a summary judgment shall be rendered if the evidentiary materials and stipulations "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C) further provides that:

"A summary judgment shall not be rendered unless it appears from [the evidentiary materials and stipulations] and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

We find that, construing the evidence most favorably for appellant, reasonable minds could find that she did not suspect the odometer may have been rolled back until she read the newspaper article on April 25, 1989. The figure written on the line for the odometer reading on the power of attorney is simply too illegible to support the conclusion that appellant knew the odometer reading was over 126,000 miles when she bought the car. Thus, appellant could not have been expected to include this claim in her first lawsuit. As a result, *res judicata* does not bar recovery.

■ Collateral estoppel, also known as "issue preclusion," bars litigation of questions which have been determined in a prior action between the parties. *Whitehead* at paragraph two of the syllabus. The dispositive questions raised in this case were not litigated in appellant's first lawsuit. As a result, collateral estoppel does not bar recovery.

We find, therefore, that the trial court erred when it granted summary judgment in favor of appellees on this issue.

### III

■ Second, we address whether the trial court properly denied appellant's motions for summary judgment finding Lou Cohen Auto and Robert Cohen liable under R.C. 4549.41 *et seq.*

R.C. 4549.49(A) provides:

"Any person who violates any requirement imposed by sections 4549.41 to 4549.46 of the Revised Code is liable to any transferee of the motor vehicle subsequent to the violation * * *."

R.C. 4549.42 prohibits persons from setting back the odometer on a motor vehicle. R.C. 4549.46 requires transferors to provide an odometer disclosure indicating whether the odometer reading is correct.

Under these sections of the Revised Code, a "person" includes corporations, R.C. 4549.41(A), a "transferee" is the person to whom ownership of a motor vehicle is transferred, R.C. 4549.41(F), and a "transferor" is the "person involved in a transfer, who transfers ownership of a motor vehicle." R.C. 4549.42(E).

After a review of the evidence, we find that, even construing the evidence most strongly for Lou Cohen Auto, reasonable minds could only conclude that Lou Cohen Auto, a person under R.C. 4549.41(A) and a transferor under R.C. 4549.41(E), violated R.C. 4549.46 by failing to disclose to appellant that the odometer was inaccurate. As a result, summary judgment against Lou Cohen Auto under R.C. 4549.49(A) is appropriate.

After a further review, we find that, construing the evidence most strongly for Robert Cohen, reasonable minds could find that he neither set back the odometer nor acted as a transferor. Thus, summary judgment against Robert Cohen under R.C. 4549.49(A) is inappropriate.

We find, therefore, that the trial court erred when it denied appellant's motion for partial summary judgment against Lou Cohen Auto. We further find,

however, that the trial court properly denied appellant's motion for partial summary judgment against Robert Cohen.

*Judgment affirmed in part, reversed in part and cause remanded.*

MATIA, C.J., concurs.

KRUPANSKY, J., dissents.

KRUPANSKY, Judge, dissenting.

I respectfully dissent. I would affirm the judgment of the trial court in its entirety.

The doctrine of *res judicata* bars the assertion of claims in subsequent proceedings which the same parties or their privies litigated or could have litigated in a prior case. The doctrine serves three well-recognized purposes, *viz.*, (1) providing for the final and conclusive determination of disputed matters, (2) preventing endless litigation, and (3) freeing courts to resolve other disputes. See *Natl. Amusements, Inc. v. Springdale* (1990), 53 Ohio St.3d 60, 558 N.E.2d 1178.

As noted by the majority, plaintiff filed two actions raising, *inter alia*, claims for common-law fraud against Lou Cohen, Inc., d.b.a. Lou Cohen Auto ("Lou Cohen Auto"), based upon the same used 1972 Mercedes Benz automobile sales transaction. The substantive claims in each case involved alleged misrepresentations regarding the quality of the same 1972 Mercedes Benz vehicle, *viz.*, warranty claims in the first action and odometer claims in the second action. The judgment of the municipal court in the first action denying recovery for plaintiff on the merits was affirmed by this court in *Sharpe v. Lou Cohen, Inc.* (Feb. 23, 1989), Cuyahoga App. No. 55080, 1993 WL 305609, unreported.[1]

The common pleas court concluded the second action, which was filed thereafter and joined three employees of Lou Cohen Auto as defendants, was barred by the doctrine of *res judicata*. Plaintiff contends the trial court erred in applying the doctrine of *res judicata* to preclude her second action since the action was based upon newly discovered facts and involved different parties.

Plaintiff filed an affidavit to support her claim of newly discovered facts stating that she "had no reason to suspect" the alleged odometer mileage misrepresentations until after the conclusion of the first action and shortly prior to filing the

---

1. The record demonstrates that plaintiff changed her name from Elizabeth Sharpe to Elizabeth Jackson prior to filing the second action.

second action. However, the record clearly demonstrates plaintiff was aware of the poor performance of the vehicle prior to filing the second action and had reason to distrust the veracity of any representations made by defendants in connection with the sale based upon her allegations of fraud in the first litigation.

There is no dispute that the odometer claims in plaintiff's second action were based on facts which existed prior to the first action and documents which would have been discoverable in the first action pursuant to Civ.R. 26(B)(1). Plaintiff was afforded a complete opportunity to compel the discovery of any information relating to the sale after haling the automobile seller into court the first time concerning the sale and possessed sufficient facts at that time to warrant further investigation. Under the circumstances, plaintiff's failure to diligently exercise the opportunity to pursue her odometer claims in the first action bars raising the matter in the second action.

Since the majority opinion ignores these issues to circumvent the doctrine of *res judicata* and resurrect this case for yet another series of proceedings, I respectfully dissent.