[Cite as *Morgan v. Natale*, 2022-Ohio-1281.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

CAROL LYNNE MORGAN,

Plaintiff-Appellant,

- v -

ANTHONY NATALE, et al.,

Defendants-Appellees.

CASE NO. 2021-T-0038

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2020 CV 00704

# O P I N I O N

Decided: April 18, 2022
Judgment: Affirmed

*Carol Lynne Morgan*, pro se, 878 Indianola Road, Boardman, OH 44512 (Plaintiff-Appellant).

*Lisa M. Zaring* and *Lindsay M. Upton*, Montgomery Jonson LLP, 600 Vine Street, Suite 2650, Cincinnati, OH 44502 (For Defendants-Appellees, Anthony Natale, David E. Boker, Raymond Delost, Judge Sandra Harwood, Retired Visiting Judge Joseph Giulitto, and Deborah Smith).

*Holly Marie Wilson*, Reminger Co., LPA, 101 West Prospect Avenue, Suite 1400, Cleveland, OH 44115 (For Defendant-Appellee, Deborah Smith).

*Elise M. Burkey*, Burkey, Burkey & Scher Co., L.P.A., 200 Chestnut Avenue, N.E., Warren, OH 44483 (For Defendant-Appellee, Leby Sassya).

*Michael A. Partlow*, pro se, 112 South Water Street, Suite C, Kent, OH 44240 (Defendant-Appellee).

*Charles M. Draa*, pro se, 3869 Starrs Centre Drive, Canfield, OH 44406 (Defendant-Appellee).

*Jessica A. Reese* and *Mary McWilliams Dengler*, Dickie, McCamey & Chilcote, P.C., 250 Civic Center Drive, Suite 280, Columbus, OH 43215 (For Defendant-Appellee, Linda Baer Bigley).

*Raymond J. Hartsough*, Assistant Prosecutor, Mahoning County Prosecutor's Office, 21 West Boardman Street, 5th Floor, Youngstown, OH 44503 (For Defendant-Appellee, Julie Rudolph, c/o Mahoning County CSB).

*Thomas A. Prislipsky,* Reminger Co., LPA, 11 Federal Plaza Central, Suite 1200, Youngstown, OH 44503; and *Brianna M. Prislipsky*, Reminger Co., LPA, 101 Prospect Avenue, West Suite 1400, Cleveland, OH 44115 (For Defendant-Appellee Kim Lydic).

MARY JANE TRAPP, J.

{¶1} This appeal stems from over a decade of lengthy tortured divorce and custody proceedings between appellant, Carol Lynne Morgan ("Ms. Morgan"), and her ex-husband, appellee, Leby Sassya ("Mr. Sassya"). Ms. Morgan sued 12 individuals who participated in her family court proceedings, namely the Trumbull County Court of Common Pleas/Domestic Relations Division ("Family Court") judges and magistrates, the guardian ad litem ("GAL") who represented her children, attorneys who represented Ms. Morgan and Mr. Sassya, and witnesses from the custody proceedings.

{¶2} Ms. Morgan alleged claims for relief for intentional infliction of emotional distress, breach of contract, retaliation, fraud upon the court, and interference with her civil rights with vague, conclusory allegations that the Family Court order vacating her dissolution agreement and separation agreement was forged; that the participants in the family court proceedings colluded against her; and that a "secret committee" of attorneys made decisions behind the scenes that separated her from her children.

2

Case No. 2021-T-0038

{¶3} The trial court granted the appellees' various motions to dismiss, motions for judgments on the pleadings, and motions for summary judgment and issued a final appealable order in its last judgment entry.

{¶4} Ms. Morgan raises six assignments of error on appeal, contending that: (1) the trial court erred when it denied her motions for leave to amend her complaint to add a defendant, Elise Burkey ("Attorney Burkey"), Mr. Sassya's attorney; (2) the trial court erred in granting the appellees various motions to dismiss and for summary judgment; (3) while her third assigned error states that the trial court committed reversible error by striking two of her pleadings, her argument reveals she is contending that the trial court erred in awarding summary judgment to Mr. Sassya because he did not attach any evidence in support and/or an affidavit; (4) in granting the appellees' motions, the trial court committed "egregious" error and violated the United States and Ohio Constitutions by denying her right to a trial by jury; (5) the trial court allowed a "group of attorneys [sic] decide that my separation agreement contract should remain unenforced"; and (6) the trial court committed a fraud upon the court by preventing her from pleading her side of the case, violating her rights to due process and equal protection, committing ethical violations, and failing to perform its judicial duties.

{¶5} After a careful review of the record and pertinent law, we find Ms. Morgan's assignments of error to be without merit.

{¶6} Before setting out our holding, we are compelled by the history and record in this case to observe that Family Court proceedings regarding the allocation of parental rights, responsibilities, and support are one of the most difficult and emotionally charged

3

proceedings our judicial system tackles. Two people, once joyously joined as one, produce children who are the special creation of that union. When the union sadly fails, and the parties cannot amicably resolve the determination of the allocation of parental rights, responsibilities, and support, the aggrieved parent seeks the intervention of the Family Court and this court. The process becomes a source of incredible pain and perceived need for retaliation.

{¶7} Our courts appreciate the emotion and the source of that emotion, but we are duty-bound to decide cases based on the law and the facts in the record before us. The healing an aggrieved parent seeks will never be found via lawsuits.

{¶8} Based on the record presented to this court, we find that the trial court did not abuse its discretion in denying Ms. Morgan's motion to amend her complaint to add Mr. Sassya's counsel as a defendant in this case because Ms. Morgan failed to set forth any operative facts establishing a prima facie case against her, and the amendment would have caused undue prejudice to Mr. Sassya.

{¶9} The "family court appellees" had absolute immunity from Ms. Morgan's claims, since her claims derived from alleged misconduct in the family court proceedings.

{¶10} Further, the trial court properly granted Mr. Sassya's summary judgment as a matter of law because there were no genuine issues of material fact. Mr. Sassya had absolute immunity arising from his role as a party in the litigation proceedings.

{¶11} The doctrine of res judicata barred Ms. Morgan's attempts to relitigate the family court proceedings, and her claim of civil interference necessarily failed since Mr. Sassya was not a state actor.

4

**{¶12}** Additionally, since the trial court dismissed all of the appellees based on matters of law, there were no issues of fact remaining to be tried; thus, Ms. Morgan's right to trial by jury was not violated. There is no dispute that the right to a trial by jury does not extend to the determination of questions of law.

**{¶13}** Further, Ms. Morgan's breach of contract claim was barred by the doctrine of res judicata since the separation agreement was vacated by the family court over ten years ago, a judgment from which she failed to appeal.

**{¶14}** Finally, Ms. Morgan failed to identify any specific alleged violations of due process, equal protection, and/or ethical violations, much less demonstrate any prejudice resulting therefrom.

**{¶15}** The judgment of the Trumbull County Court of Common Pleas is affirmed.

## Substantive and Procedural History

### *The Morgan-Sassya Family Court Proceedings*

**{¶16}** A brief history of the decade-long family court proceedings underlying this case is necessary since it is the genesis of Ms. Morgan's claims of a fraud perpetrated on and by the court and all those involved, which affected her vacated dissolution and separation agreement and then her divorce case and the subsequent custody proceedings with Mr. Sassya.

**{¶17}** In *Sassya v. Morgan*, 2014-Ohio-3278, 17 N.E.3d 104 (11th Dist.) ("*Morgan I*"), we reviewed the parties' unique circumstances, explaining that the family court action began with the filing of a petition for a dissolution with an attached separation agreement. *Id.* at ¶ 2. The separation agreement provided for a distribution of the marital property,

5

Case No. 2021-T-0038

which included a lump sum payment of $46,000 and a $1,800 monthly child support payment to Ms. Morgan. *Id.* at ¶ 4, ¶ 28.

{¶18} After determining that the separation agreement and dissolution decree were not in agreement, the family court vacated the dissolution decree in a judgment entry dated June 12, 2013. *Id.* at ¶ 8. Thus, the parties' separation agreement was no longer valid and found to be void by the family court. *Id.* No appeal was taken from the family court's judgment. *Id.* at ¶ 9.

{¶19} Upon Mr. Sassya's motion, the matter was later converted into a divorce action, and Mr. Sassya filed a complaint for divorce. *Id.* at ¶ 2. The family court set a temporary custody and companionship schedule, as well as a temporary child support order of $743 per month (five children were born as issue of the marriage, and Ms. Morgan was designated as the residential parent for the three youngest children). *Id.* at ¶ 3, ¶ 10.

{¶20} Mr. Sassya filed a motion for summary judgment in the family court, claiming that the separation agreement had resolved the issue of the marital property distribution. *Id.* at ¶ 12. Ms. Morgan filed a response, asserting that she had waived all property claims in the separation agreement in exchange for $1,800 in child support, an upward deviation from the child support guidelines. *Id.* Since the family court vacated the dissolution decree, however, she argued that all the issues were to be revisited and that Mr. Sassya sought an inequitable distribution in his motion for summary judgment. *Id.*

{¶21} After holding a hearing, the family court granted Mr. Sassya's motion for summary judgment, finding that the marital property had been divided and that no issues

6

remained for determination. *Id.* at ¶ 14. The court preserved its prior order that Mr. Sassya pay $743 per month in child support. *Id.* We reversed and remanded because the family court did not consider all the factors in determining an equitable division of property provided for in R.C. 3105.171(F). *Id.* at ¶ 44.

{¶22} After remand, the parties entered into stipulations regarding the division of assets. *Sassya v. Morgan*, 11th Dist. Trumbull No. 2015-T-0026, 2018-Ohio-3445, ¶ 15 ("*Morgan II*"). After holding a hearing, the family court determined that Mr. Sassya had already paid Ms. Morgan the remaining $5,000 of the $45,000 he owed her as part of the distribution of assets, and it declined to award Ms. Morgan spousal support. *Id.* at ¶ 18, ¶ 20. The family court also reassessed the child support to $885 per month in part because one of the children had become emancipated. *Id.* at ¶ 16.

{¶23} In *Morgan II*, we affirmed the family court's judgment, finding that the manifest weight of the evidence supported the family court's determination that Mr. Sassya had already paid Ms. Morgan the remaining $5,000 and that the totality of the circumstances, including the fact that Ms. Morgan was twice remarried since the termination date of the marriage, supported the family court's decision not to award spousal support. *Id.* at ¶ 60.

{¶24} In *Sassya v. Morgan*, 11th Dist. Trumbull No. 2018-T-0013, 2019-Ohio-1301 ("*Morgan III*"), Ms. Morgan appealed a modification of the parties' custody agreement. *Id.* at ¶ 1. We reviewed that in 2016, Mr. Sassya filed a motion to show cause (contempt) based on Ms. Morgan's willful denial of his parenting time with the minor children as well as several other motions to show cause and a motion for reallocation of

7

parental rights. *Id.* at ¶ 4, ¶ 7. Charles Draa ("Attorney Draa") was appointed as the GAL for the children. *Id.* at ¶ 6. A magistrate conducted an in camera interview of the children and held a hearing. *Id.* at ¶ 12, 13. After overruling Ms. Morgan's objections, the family court adopted the magistrate's decision designating Mr. Sassya as the residential parent and legal custodian of the parties' minor children. *Id.* at ¶ 16-18.

{¶25} Relevant to her first assignment of error in this appeal, Ms. Morgan contended that her due process rights were violated because she was not present for the first day of the two-day custody/contempt hearing before the magistrate. *Id.* at ¶ 27-32. We found no denial of Ms. Morgan's due process rights because she voluntarily refused to participate in the first day of the proceedings, thus depriving herself of the opportunity to hear and oppose Mr. Sassya's evidence as well as the opportunity to explain why it would be inequitable to proceed with the hearing on that day. *Id.* at ¶ 31. We observed that the magistrate noted for the record at the second day of the proceedings: "Ms. Morgan, that was the hearing that you got very angry. You left and I continued the hearing for the rest of the day. [Mr. Sassya] put on his case, and I listened to his case, and you chose not to be here." *Id.* at ¶ 30.

### Motions for Relief from Judgment

{¶26} In 2019, approximately six years after the family court vacated the dissolution decree and separation agreement, Ms. Morgan filed a "Motion to Vacate Judgment Entry 6/13/2012 Relief from Judgment or Order Civ.R. 60(B) Fraud Upon the Court," alleging, as in this appeal, that her attorney's signature was fraudulently forged on the court order. After a hearing, the family court overruled the motion, finding that Ms.

8

Morgan could have easily called her former attorney to testify. The court further found that her forensic document examiner's expert report was inadmissible because she failed to call the expert to testify at the evidentiary hearing. The family court also determined that valid attorney signatures are not always required on a judgment entry and noted that many court hearings and appeals have occurred in this case since June 13, 2012. Regardless of whether her motion was timely, the court concluded that the June 13, 2012 judgment entry was valid. No appeal was taken from the court's ruling.

{¶27} Ms. Morgan filed a second Civ.R. 60(B) motion, entitled "Order to Show Cause (Motion to Vacate) Relief from Judgments and Orders Civil Rule 60 B. (3)(5) False Statement of Facts, Obstruction of Justice and Fraud Upon the Court." The motion alleged that in May 2018, the family court held a private meeting with her attorney, the GAL, and Mr. Sassya's attorney while she waited on "a bench in the lobby." She claimed that the judgment entry that denied her first motion for relief from judgment erroneously noted that she made an oral motion during that "private office" meeting. She further alleged that Judge Giulitto should be recused. She repeated the allegation that the June 13, 2012 order vacating the dissolution decree and separation agreement was forged and fraudulent and that the participants in the family court proceedings were colluding against her.

{¶28} The family court denied her motion after a hearing, finding that simply being dissatisfied with the outcome of the court's prior orders was not a valid reason for recusal. The court explained that the "private office" meeting was a status hearing between the judge and the attorneys for both parties. At the time of the status hearing, Ms. Morgan

9

had no visitation orders in place. Ms. Morgan's counsel requested, and was granted, visitation pending an evidentiary hearing. The court, however, vacated the order upon Ms. Morgan's insistence at the hearing. Lastly, the court awarded Mr. Sassya $1,000 in attorney fees because Ms. Morgan repeatedly filed several motions raising frivolous and defamatory issues that were previously determined. No appeal was taken from the family court's judgment.

### *The Dispute with the Family Court Division is Taken to the General Division*

{¶29} In June 2020, Ms. Morgan filed a complaint in the Trumbull County Court of Common Pleas, alleging that a fraud had been perpetrated in her divorce and custody proceedings against Mr. Sassya. Ms. Morgan named twelve defendants in her complaint.

{¶30} The defendant-appellees consist of six "family court defendants": Judge Sandra Stabile Harwood ("Judge Harwood"), Judge Joseph Giulitto ("Judge Giulitto"), Magistrate Raymond Delost ("Magistrate Delost"), Magistrate Anthony Natale ("Magistrate Natale"), Deborah Smith in her capacity as a magistrate ("Magistrate Smith"), and David Boker ("Attorney Boker"), Mr. Sassya's former divorce attorney and a prosecutor for Trumbull County.

{¶31} The remaining seven appellees also participated in the family court proceedings: Julie Rudolph ("Ms. Rudolph"), a witness and employee for Mahoning County Children Services; Michael Partlow ("Attorney Partlow"), Ms. Morgan's former attorney; Attorney Draa, the GAL in the custody proceedings; Linda Baer Bigley ("Ms. Bigley"), a witness in the custody proceedings from Family and Community Services, Inc., aka Someplace Safe and Solace Center; and Deborah Smith ("Attorney Smith"), in her

10

capacity as Mr. Sassya's former attorney. Thus, Ms. Morgan sued Ms. Smith in a dual capacity, i.e., as a magistrate and as Mr. Sassya's former attorney.

### *The Allegations Against Appellees*

**{¶32}** Ms. Morgan's complaint alleges numerous events occurring over the ten-year span of the family court proceedings that she believes deprived her of the proper distribution of marital property and prevented her from obtaining custody of her children. We provide a summary of these allegations below.

**{¶33}** Ms. Morgan's chief complaint is that the order vacating the dissolution decree and separation agreement was fraudulent. She claims Mr. Sassya's former counsel, Attorney Boker, forged her attorney's signature at a hearing of which she had no notice and at which neither she nor her attorney were present.

**{¶34}** Further, she alleges neither the family court nor Mr. Sassya enforced or followed the vacated separation agreement, which entitled her to receive a $1,800 child support payment that she erroneously interpreted to be part of our remand in *Morgan I*.[1]

**{¶35}** Ms. Morgan also contends that on the first day of the custody proceedings, Attorney Smith, Attorney Draa, and the magistrate ambushed her, demanding that she sign a document dismissing a civil protection order against Mr. Sassya. When she

---

1. Ms. Morgan also filed a complaint in the United States District Court for the Northern District of Ohio against Attorney Boker, Mr. Sassya, David Yost, Trumbull County, and Dennis Watkins in connection with the family court proceedings, alleging that the defendants violated her rights under the First, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution, as well as 18 U.S.C. 241 and 242, because Attorney Boker forged the signature of her attorney on the order vacating the dissolution decree and separation agreement. *See Morgan v. Boker*, N.D.Ohio No. 4:19CV1097, 2020 WL 511868, *1 (Jan. 31, 2020). The court found that Ms. Morgan failed to raise fraud and/or forgery in her assignments of error in any of her appeals. *Id.* at *4. The court dismissed her claims because the criminal statutes from which her claims derived did not provide for private causes of action and, to the extent she sought to re-litigate the outcome in the family court proceedings, the court lacked subject matter jurisdiction and/or her claims were barred by the doctrine of res judicata. *See id.* at *3-*5.

Case No. 2021-T-0038

refused to sign it without an attorney present, she asserts the magistrate "called up the sheriff from downstairs, and the sheriff began dragging MORGAN down the stairs to the front door and then the sheriff slap punched MORGAN through the front door, and told MORGAN to get off the property. * * * So MORGAN was ambushed by what was supposed to be a contempt motion that had turned into a full day custody Trial without her being there, and without MORGAN even being notified that there was going to be a Custody Trial."

{¶36} Ms. Morgan makes numerous allegations that Mr. Sassya stalked, harassed, and threatened her and was abusive towards her and their children. She alleged that Mr. Sassya was awarded summary judgment, which we affirmed in *Morgan II*, to cover up "fraud, collusion, and corruption"; one of her motions was overruled because she failed to file a transcript for a hearing that was never recorded due to a malfunction; several child support payments were never paid; Attorney Draa expressed hostility towards her; contempt motions were filed against her to intimidate her; child services records were tampered with to deprive her of her custodial and parental rights; and the custody proceedings were fraught with collusion and conspiracy to prevent her from gaining custody of her minor children.

### *The Counts of the Complaint*

{¶37} Ms. Morgan's complaint sets forth five claims naming all or some of the appellees in each.

{¶38} (1) Intentional Infliction of Emotional Distress ("IIED"): Ms. Morgan alleged that appellees Magistrate Delost, Attorney Smith, Mr. Sassya, Attorney Draa, Ms. Lydic,

12

Ms. Rudolph, Ms. Bigley, Judge Harwood, Judge Giulitto, and Attorney Partlow acted to prevent her from regaining care and custody of her children, which resulted in extreme and ongoing emotional distress.

**{¶39}** (2) <u>Breach of Contract</u>: Ms. Morgan alleged that appellees Magistrate Delost, Mr. Sassya, and Attorney Boker jointly and severely committed a fraud upon the court when Attorney Boker mispresented the facts and signed the name of her attorney on the order vacating the dissolution decree and separation agreement in a conspiracy to breach the separation agreement.

**{¶40}** (3) <u>Retaliation</u>: Ms. Morgan alleged that appellees Judge Harwood, Attorney Smith, Magistrate Delost, Attorney Draa, Mr. Sassya, and Judge Giulitto sought to retaliate against her for seeking a court remedy for the forgery and fraud and for reporting domestic violence, causing her to lose the custody of her children.

**{¶41}** (4) <u>Fraud Upon the Court</u>: Ms. Morgan alleged that appellees Magistrate Natale, Attorney Boker, Mr. Sassya, Attorney Smith, Magistrate Delost, Attorney Draa, and Judge Giulitto committed a fraud on the court by forging her attorney's signature on the order vacating the dissolution decree and separation agreement and preventing her from fully pleading her case in several different instances.

**{¶42}** (5) <u>Interference with Civil Rights</u>: Ms. Morgan alleged she was falsely arrested and that the appellees deprived her of her civil rights by separating her from her children.

13

### *Motions to Amend Complaint*

**{¶43}** Relevant to this appeal, Ms. Morgan attempted to add Mr. Sassya's attorney representing him in this case, Elise Burkey ("Attorney Burkey"), as a defendant. Ms. Morgan included Attorney Burkey in several of the allegations in the body of the complaint, but Attorney Burkey was not a named defendant in the complaint or properly served.

**{¶44}** Ms. Morgan filed two motions, in part attempting to add Attorney Burkey as a defendant by interlineation. The trial court denied these motions because "Local Rule 9.04 prohibits amendment by interlineation." We presume the trial court intended the judgment entry to cite to Trumbull County Common Pleas Court Loc.R. 12.03, which prohibits amendments by interlineation.

**{¶45}** Ms. Morgan filed a third "motion for leave to amend the complaint" with an attached amended complaint. The record reveals the trial court did not rule on the motion; thus, it is presumed denied.

### *Trial Court Judgment Entries*

**{¶46}** The trial court granted the appellees' various motions in three separate judgment entries filed on September 22, 2020, January 20, 2021, and June 29, 2021. For the sake of clarity, we have provided those rulings in a list format below.

| **September 22, 2020 Judgment Entry**: |
| --- |
| • Ms. Lydic's motion for judgment on the pleadings was granted on the basis of absolute immunity as a matter of law since Ms. Morgan's claims were based on Ms. Lydic's participation in the custody proceedings. |
| • Attorney Smith's motion for Judgment on the Pleadings (as Mr. Sassya's attorney from 2014-2017) was granted on the basis of absolute immunity because Ms. Morgan's claims arose from the custody proceedings. Further, any claim of legal malpractice necessarily failed since there was no privity between Ms. Morgan and Attorney Smith. |

14

| |
|---|
| • The family court defendants' (including Ms. Smith in her role as a magistrate) motion to dismiss was granted on the grounds of absolute immunity since Ms. Morgan's claims were based on alleged misconduct from the family court proceedings. |
| **January 20, 2021 Judgment Entry:** |
| • Attorney Draa's motion for judgment on the pleadings was granted on the grounds of absolute immunity as a GAL because Ms. Morgan's claims concerned the custody proceedings. |
| **June 29, 2021 Judgment Entry:** |
| • Ms. Rudolph's motion for judgment on the pleadings was granted on the grounds of immunity pursuant to R.C. 2151.421(H) as an employee of the Mahoning County Children Services ("CSB") since Ms. Morgan's claims derived from Ms. Rudolph performing her CSB duties. |
| • Ms. Bigley's motion for summary judgment was granted because there were no genuine issues of material fact: Ms. Bigley was entitled to witness immunity, there was no evidence of IIED and/or that her actions were "extreme and outrageous," and she had no affirmative duty to offer any services to Ms. Morgan. |
| • Mr. Sassya's motion for summary judgment was granted because there were no genuine issues of material fact and Mr. Sassya was entitled to judgment as a matter of law. He was entitled to litigation privilege immunity, Ms. Morgan's claims of breach of contract and retaliation were barred by the doctrine of res judicata, and there were no issues of material fact as to fraud or civil interference since Mr. Sassya was not a state actor. |
| • Mr. Partlow's motion for summary judgment was granted because the statute of limitations to bring an action for legal malpractice was expired. |

{¶47} Ms. Morgan now appeals, raising six assignments of error:

{¶48} "[1.] The trial court erred when it did not permit me to amend my complaint reflecting the name of Elise Burkey due to a simple scrivener's error.

{¶49} "[2.] The trial court erred when and abused its discretion and authority when Judge Ronald J. Rice allowed bar association attorneys make [sic] the legal decision in my case then he simply copy-pasted the attorney's [sic] decision as his own and granted nine defendant's [sic] immunity to which they are not entitled, and he granted the remaining three defendants summary judgment to which they are not entitled.

15

Case No. 2021-T-0038

{¶50} "[3.] The trial court, Judge Ronald J. Rice, committed reversable [sic] error when he decided to unlawfully strike two (2) of my pleadings, Ohio is a "pleadings" state, and that is how we correct falsehood and fraud.

{¶51} "[4.] The trial court, Judge Ronald J. Rice, committed egregious error and violated the U.S. Constitution and the Ohio Constitution to which he swore an oath to uphold the constitution when he denied me my protected right to a trial by jury. Judge Ronald J. Rice handed my case off to a group of attorneys that call themselves a "committee", for them to decide my case for him, he then gave immunity to nine (9) defendants, and they are all bar members that violated several laws in my cases. Judge Rice then granted summary judgment to the three (3) remaining defendants, one of which specifically has multiple police reports, arrests, and court orders against him for exactly what I, alleged against him in my complaint. Bar association members are not permitted to hold secret committee meetings to discuss cases and make decisions in any cases that they are not working on and have not been retained by the partys' [sic]. A group of attorneys that aren't the sitting judges, are not allowed to prejudice cases by simply having the judge copy-paste their decisions. Copy-paste decisions are not law worthy.

{¶52} "[5.] The trial court, Judge Ronald J. Rice, committed egregious error when he shirked his official duty as a judge and allowed a group of attorneys decide that my separation agreement contract should remain unenforced and he did not provide a redress and remedy of my injuries and grievances as I, am guaranteed by law. This appellate court has already ruled that my separation agreement is a contract and must be treated as such. That decision has never been overruled.

16

**{¶53}** "[6.] The trial court, Judge Ronald J. Rice, committed reversable [sic] error, and multiple violations of due process, and equal protections within the law, among other ethical violations. Judge Rice failed to perform his judicial duties, and he failed to perform his fiduciary duties concerning my case when he intentionally prevented me from pleading my side of the case as it actually exists. This is a fraud upon the court."

### Motions to Amend the Complaint

**{¶54}** In her first assignment of error, Ms. Morgan contends that the trial court erred in denying her motions to amend the complaint to add Attorney Burkey as a defendant.

**{¶55}** A trial court's ruling on a motion to amend a complaint is reviewed under an abuse of discretion standard. *Wilmington Steel Prods., Inc. v. Cleveland Elec. Illum. Co.*, 60 Ohio St.3d 120, 122, 573 N.E.2d 622 (1991). An abuse of discretion is the "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.Rev.2004). When an appellate court is reviewing a pure issue of law, the mere fact that the reviewing court would decide the issue differently is enough to find error. *Id.* at ¶ 67. By contrast, where the issue on review has been confided to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error. *Id.* Civ.R. 15(A) provides that "[a] party may amend its pleading once as a matter of course within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under

17

Civ.R. 12(B), (E), or (F), whichever is earlier. *In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. * * * "* (Emphasis added.)

{¶56} After the trial court denied Ms. Morgan's motions to amend the complaint by interlineation pursuant to Loc.R. 12.03, Ms. Morgan filed a third motion to amend the complaint with an attached amended complaint. The trial court, however, failed to rule on the motion; thus, it is considered denied. *See CitiMortgage, Inc. v. Hoge*, 196 Ohio App.3d 40, 2011-Ohio-3839, 962 N.E.2d 237, ¶ 7 (8th Dist.) ("When a trial court fails to rule on a motion, the motion is considered denied").

{¶57} The trial court should construe motions to amend in favor of the movant to allow the plaintiff to save the claim for relief, and the granting of leave should not be withheld absent good reason. *Han v. Univ. of Dayton*, 2015-Ohio-346, 28 N.E.3d 547, ¶ 56 (2d. Dist.). Despite the liberal policy in granting motions to amend, the appellate review of a trial court's decision regarding a motion to amend consists of determining whether the trial judge's decision was an abuse of discretion, not whether it was the same decision we might have made. *Id.* at ¶ 57. Further, justice does not require the granting of leave when a proposed amended complaint, not submitted as a matter of right, seeks to add new parties or seeks to assert a completely new claim, "'where a plaintiff fails to make a prima facie showing of the new matters sought to be pleaded.'" *Id.* at ¶ 58, quoting *Wilmington Steel Prods.* at 123.

{¶58} We believe the Second District's reasoning in *Han* is applicable here. In that case, the trial court's failure to explain the reasons why it denied the appellant's

18

motion for leave to amend the complaint was not an abuse of discretion because it was clear the appellant's motion did not comply with Civ.R. 15(A). *Id.* at ¶ 59. Thus, in his second amended complaint, the appellant failed to plead any operative facts to make a prima facie showing that the appellee's trial counsel engaged in any litigation misconduct, nor was there anything in the appellant's motion for leave to amend or the proposed complaint to support his claim of litigation misconduct. *Id.* Most fundamentally, permitting the appellant to add the appellee's trial counsel and law firm as defendants in the case would have clearly prejudiced the appellees. *Id.*

{¶59} Ms. Morgan alleges in her proposed amended complaint that "Defendant Elise Burkey took part in the collusion on May 30th 2018, and took part in punishing MORGAN for reporting the abuse on the three minor son and daughters. Since the case was rigged from the beginning, Defendant Burkey jumped right in and started her role when she first filed to quash MORGAN's son and daughters from testifying about who bit and abused him. The case was between the State and MORGAN and Defendant Burkey had no legal standing to interfere with Morgan's Girard case and try to silence her son and daughters from testifying in any court other than in Trumbull County because the Trumbull County Family Court is rigged to always favor Sassya. * * * Defendant Burkey has on several occasions filed in Mahoning County to try to get MORGAN's protection order dismissed, those motions to dismiss the protection order, filed by Defendant Burkey, have each time, all been denied." She further alleged that "Defendants Giulitto, Sassya, Draa, and Burkey did interfere with custody."

19

{¶60} Despite the trial court's failure to explain the reasons why it denied Ms. Morgan's motion to amend, it is clear that the motion did not comply with Civ.R. 15(A). Ms. Morgan failed to plead a claim against Attorney Burkey with any operative facts necessary to establish a prima facie case of retaliation, fraud upon the court, and interference with civil rights.

{¶61} Further, Attorney Burkey, as an attorney, is immune from liability to third persons arising from her performance as an attorney acting in good faith on behalf of and with the knowledge of her client, unless such third person is in privity with the client or the attorney acts maliciously. *Scholler v. Scholler*, 10 Ohio St.3d 98, 462 N.E.2d 158 (1984), paragraph one of the syllabus.

{¶62} In addition, it is important to note that in order to prevail on a "civil interference" claim under 42 U.S.C. 1983, a plaintiff must establish (1) that the conduct in controversy was committed by a person acting under color of state law, and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right. *Patterson & Simonelli v. Silver*, 11th Dist. Lake No. 2003-L-055, 2004-Ohio-3028, ¶ 39. Attorney Burkey is not a state actor. Crucially, Attorney Burkey is Mr. Sassya's counsel in this case, and to allow Ms. Morgan to add her as a defendant would have caused undue prejudice. *See Han* at ¶ 59.

{¶63} Ms. Morgan's first assignment of error is without merit.

**Appellees' Motions to Dismiss and For Summary Judgment**

{¶64} In her second assignment of error, Ms. Morgan contends the trial court erred in finding that the "family court appellees" were entitled to immunity. She also contends

20

Case No. 2021-T-0038

the trial court erred in granting summary judgment to Mr. Sassya, Attorney Partlow, and Ms. Bigley "due to a secret committee review of my case that was collaborated by Bar members that actually did the decision-making." While she contends that she raises three issues under this assignment of error, we only find two: whether the trial court erred in finding the family court defendants immune, and whether the trial court erred in awarding Mr. Sassya summary judgment.

### *Immunity*

{¶65} An order granting a Civ.R. 12(B)(1) and/or 12(B)(6) motion to dismiss is subject to de novo review. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5; *Manigault v. Chilson*, 2015-Ohio-5223, 43 N.E.3d 471, ¶ 8 (11th Dist.).

{¶66} "A motion to dismiss for lack of subject-matter jurisdiction is made pursuant to Civ.R. 12(B)(1), and '[t]he standard of review for a dismissal pursuant to Civ.R. 12(B)(1) is whether any cause of action cognizable by the forum has been raised in the complaint.'" *Jones v. Ohio Edison Co.*, 2014-Ohio-5466, 26 N.E.3d 834, ¶ 6 (11th Dist.), quoting *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80, 537 N.E.2d 641 (1989).

{¶67} "'"[I]n determining whether the plaintiff has alleged a cause of action sufficient to withstand a Civ.R. 12(B)(1) motion to dismiss, the trial court is not confined to the allegations of the complaint and it may consider material pertinent to such inquiry without converting the motion into one for summary judgment."'" *Jones* at ¶ 6, quoting *Kinder v. Zuzak*, 11th Dist. Lake No. 2008-L-167, 2009-Ohio-3793, ¶ 10, quoting *McHenry v. Indus. Comm. of Ohio*, 68 Ohio App.3d 56, 62, 587 N.E.2d 414 (4th Dist.1990).

21

Case No. 2021-T-0038

{¶68} "'A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint.'" *Jochum v. State ex rel. Mentor*, 11th Dist. Lake No. 2020-L-032, 2020-Ohio-4191, ¶ 31, quoting *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). "'In construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party.'" *Id.*, quoting *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). "'Consequently, "as long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss."'" *Id.*, quoting *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 29, quoting *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145, 573 N.E.2d 1063 (1991).

{¶69} This standard is consistent with C.R. 8(A), which provides for notice pleading: "A pleading that sets forth a claim for relief * * * shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." *Id.*; *Jochum* at ¶ 32.

{¶70} Thus, a pleader is ordinarily not required to allege in the complaint every fact he or she intends to prove in order to survive a motion to dismiss for failure to state a claim upon which relief can be granted; such facts may not be available until after discovery. *Jochum* at ¶ 33. "Although the 'no set of facts' test is very permissive, the plaintiff still bears the responsibility of crafting 'a short and plain statement of the claim

22

showing that the party is entitled to relief.'" *Id.*, quoting *Evans v. Ohio Dept. of Rehab. & Correction*, 10th Dist. Franklin No. 19AP-756, 2020-Ohio-1521, ¶ 17 (citation omitted); Civ.R. 8(A).

{¶71} A review of the trial court's September 22, 2020 judgment entry, which, in part, granted the family court defendants' motion to dismiss, reveals the court found that this case arose "following a custody dispute between Morgan and Sassya which erupted during divorce proceedings between the two. Morgan has filed claims against certain defendants who were participants in one capacity or another." The court found that "[a] motion to dismiss pursuant to Civ.R. 12(B)(6) tests the sufficiency of the complaint. For the same reasons the Morgan claims cannot withstand a motion for judgment on the pleadings, the Morgan claims against the Family Court Defendants likewise are barred by absolute judicial immunity. Similarly, the claims asserted against Attorney Boker in his capacity as a prosecutor for Trumbull County also fail because he is entitled to immunity. Morgan cannot overcome this immunity for any of the Family Court Defendants as a matter of law. The claims filed against the Family Court Defendants by Morgan are all based on alleged misconduct during each of the defendant's participation in the court custody proceedings. As such, the Family Court Defendants are entitled as a matter of law to absolute immunity." We agree.

{¶72} In *Willitzer v. McCloud*, 6 Ohio St.3d 447, 453 N.E.2d 693 (1983), the Supreme Court of Ohio described immunity as applied to the actors in the judicial process:

{¶73} "It is a well-established rule that judges, counsel, parties, and witnesses are absolutely immune from civil suits for defamatory remarks made during and relevant to

23

judicial proceedings. See *Erie County Farmers' Ins. Co. v. Crecelius* (1930), 122 Ohio St. 210, 171 N.E. 97; *McChesney v. Firedoor Corp.* (1976), 50 Ohio App.2d 49, 51, 361 N.E.2d 552 [4 O.O.3d 28]. This immunity is based on the policy of protecting the integrity of the judicial process. The function of a judicial proceeding is to ascertain the truth. To achieve this noble goal, participants in judicial proceedings should be afforded every opportunity to make a full disclosure of all pertinent information within their knowledge. For a witness, this means he must be permitted to testify without fear of consequences. Freedom of speech in a judicial proceeding is essential to the ends of justice. 1 Harper & James, Law of Torts (1956) 423–426, Section 5.22.

{¶74} "Moreover, independence in decision-making is essential to preserving the integrity of the judicial process. Hence, judges are absolutely immune from civil liability for acts made within their jurisdiction. *Bradley v. Fisher* (1871), 80 U.S. (13 Wall.) 335, 20 L.Ed. 646." *Id.* at 448-449.

{¶75} "The same considerations underlying the immunity of judges provided the basis for immunity of prosecutors. Thus, prosecutors are considered 'quasi-judicial officers' entitled to absolute immunity granted judges, when their activities are 'intimately associated with the judicial phase of the criminal process.' *Imbler v. Pachtman* (1976), 424 U.S. 409, 430, 96 S.Ct. 984, 995, 47 L.Ed.2d 128. *Imbler* held that a prosecutor has absolute immunity ' * * * in initiating a prosecution and in presenting the State's case * * *.' *Id.* at 431, 96 S.Ct. at 995. However, 'absolute immunity does not extend to a prosecutor engaged in essentially investigative or administrative functions.' *Dellums v.*

24

*Powell* (C.A.D.C.1981), 660 F.2d 802, 805, and cases cited therein. While performing these functions, he is entitled to only a qualified immunity.

{¶76} "In determining whether the prosecutor's acts are quasi-judicial as opposed to investigative or administrative, the courts have applied a functional analysis of his activities, rather than simply stating that he is a prosecutor whose status entitles him to absolute immunity. *Goldschmidt v. Patchett* (C.A.7, 1982), 686 F.2d 582, 585." *Willitzer* at 449.

{¶77} A review of Ms. Morgan's claims reveals she has not alleged any actions outside of the scope of the family court proceedings; thus, there is no question that the "family court appellees" are immune from civil liability. Her allegations as to Magistrate Natale, Judge Harwood, Magistrate Delost, Magistrate Smith, and Judge Giulitto complained of her reduction in child support, the appointment of a GAL, the "fraudulently forged" order vacating the dissolution and separation agreement, the use of the dissolution date as the date of divorce, the denial of her objections to a magistrate's decision because no transcripts were filed by counsel, and various custody decisions.

{¶78} The only allegation against Attorney Boker in his capacity as a prosecutor was that "MORGAN went to Trumbull County Child Support Division with the court order to enforce the monthly child support agreement ($1,800) and asked why it had never been enforced. MORGAN was told that Attorney Boker had taken her file from the office, as he is the Chief Prosecutor over child support matters." Ms. Morgan also made several allegations against Attorney Boker in his capacity as Mr. Sassya's attorney during the early years of the family court proceedings, including the reduction Mr. Sassya sought in

25

child support, the $5,000 payment from Mr. Sassya that was litigated in *Morgan II*, that he and Magistrate Natale fraudulently forged her attorney's signature on the order vacating the dissolution decree and separation agreement in a secret meeting, and that he incorrectly dated and filed Mr. Sassya's complaint for divorce so that Ms. Morgan could not file in Mahoning County.

{¶79} As noted in our discussion of Ms. Morgan's first assignment of error, counsel for an adverse party in previous litigation has immunity for his actions unless the third person is in privity with the client or the attorney acts maliciously. *Scholler*, *supra*, at paragraph one of the syllabus. Ms. Morgan did not allege she was in privity with Attorney Boker or that his actions in representing his client were done maliciously. Further, her claims of "fraudulent forgery" of a court order performed in a secret meeting with a magistrate are unfounded, conclusory allegations, which are, in any case, barred by the doctrine of res judicata since she failed to raise the issue in any of her three appeals of the family court proceedings. Such unsupported conclusions are not sufficient to withstand a motion to dismiss. *See Schulman v. Cleveland*, 30 Ohio St.2d 196, 198, 283 N.E.2d 175 (1972).

{¶80} Thus, Ms. Morgan did not allege any actions outside the scope of the family court proceedings for which immunity would not apply.

### *Mr. Sassya's Motion for Summary Judgment*

{¶81} Although Ms. Morgan stated in her assignment of error that the trial court erred in granting summary judgment to Attorney Partlow, Mr. Sassya, and Ms. Bigley, a review of her argument reveals she only addressed the trial court's granting of summary

26

Case No. 2021-T-0038

judgment to Mr. Sassya. In her third assignment of error, Ms. Morgan asserts the trial court erred by striking two of her pleadings. A review of her argument, however, reveals that she contends Mr. Sassya failed, as the moving party, to show there were no genuine issues of material fact because he did not submit any evidentiary quality materials, including an affidavit. Thus, we address the remainder of Ms. Morgan's second assignment of error together with her third and construe this to be a challenge of the trial court's award of summary judgment in favor of Mr. Sassya.

{¶82} This court reviews the grant of summary judgment de novo. *Deluca v. Aurora*, 144 Ohio App.3d 501, 508, 760 N.E.2d 880 (11th Dist.2001). A de novo review requires an appellate court to review a trial court's decision independently and without deference. *Id.* Pursuant to Civ.R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Welch v. Ziccarelli*, 11th Dist. Lake No. 2006-L-229, 2007-Ohio-4374, ¶ 36. In addition, it must appear from the evidence and stipulations that reasonable minds can come to only one conclusion, which is adverse to the nonmoving party. *Id.*

{¶83} A review of Mr. Sassya's motion for summary judgment reveals that he made three arguments of law: (1) he is immune because of his status as a party in the family court proceedings; (2) Ms. Morgan's claims are barred by res judicata; and (3) Ms. Morgan's claims fail against Mr. Sassya as a matter of law.

{¶84} Ms. Morgan submitted a "motion in opposition" and attached Mr. Sassya's motion for summary judgment and numerous documents from the various family court proceedings, including partial depositions, the vacated separation agreement, a child

27

support worksheet, a Boardman Police Department detail call sheet, police reports, an expert report on the signature of Attorney Boker, creditor reports, and a civil protection order against Mr. Sassya. Ms. Morgan did not attach an affidavit verifying her attached supporting evidence.

{¶85} The trial court found that Ms. Morgan's claims against Mr. Sassya were barred by the litigation privilege and res judicata because they relate to the proceedings in the family court. Further, the trial court found there were no genuine issues of material fact as to the claims of retaliation. Finally, the trial court determined there was "no cause for civil interference since there is no evidence before the Court that Sassya is a state actor." Again, we agree.

{¶86} Ms. Morgan contends Mr. Sassya did not attach any evidence supporting his arguments, including an affidavit. However, there is no requirement in Civ.R. 56(C) for the moving party to submit evidence to disprove his or her opponent's claims. In *Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996), the Supreme Court of Ohio explained that "a moving party *does not* have to support its motion with affidavits negating the opponent's claims." (Emphasis added.) *Id.* at 294, quoting *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 114, 526 N.E.2d 798 (1988). The moving party bears the burden of affirmatively demonstrating that, with respect to every essential issue of each count in the complaint, there is no genuine issue of fact. *Id.* Thus, the moving party must state specifically which areas of the opponent's claim raise no genuine issue of material fact, and such assertion *may be* supported by affidavits or otherwise as allowed by Civ.R. 56(C). *Id.*

28

{¶87} In a similar case, *Lisboa v. Lisboa*, 8th Dist. Cuyahoga No. 95673, 2011-Ohio-351, a disgruntled ex-husband filed suit against his former wife, her mother, the GAL who represented their minor child in the divorce proceedings, and attorneys who represented his former wife in his immigration proceedings, alleging claims of monetary damages, breach of contract, third-party malpractice, fraud, conspiracy, civil aiding and abetting, and IIED. *Id.* at ¶ 6. The Eighth District, in reviewing the appellant's complaint, found that it was "lacking in factual allegations and comprised almost entirely of unsupported conclusions." *Id.* at ¶ 13. The appellant made sweeping assertions that documents were falsely produced to have him deported so that his former wife could have custody of their child and an unfair advantage in their divorce case. *Id.* The Eighth District concluded that "[t]he lack of facts notwithstanding, all of appellant's claims are based upon alleged misconduct that took place during, or as a part of judicial proceedings, and are thus subject to a defense of absolute immunity. The existence of immunity as a defense in a civil action is a purely legal issue, properly determined by a trial court prior to trial." *Id.* at ¶ 14.

{¶88} Likewise in this case, a review of Ms. Morgan's claims against Mr. Sassya reveals they are based upon alleged misconduct in the family court proceedings. Thus, Ms. Morgan's claims against Mr. Sassya are barred by absolute immunity from Mr. Sassya's role as the adverse party.

{¶89} In addition, Ms. Morgan cannot collaterally attack judgments from the family court proceedings in this litigation, and her claims are barred by the doctrine of res judicata. In her three prior appeals, Ms. Morgan failed to raise any allegations of fraud,

29

forgery, and/or "breach of contract" and did not appeal either of the trial court's judgments denying her motions for relief from judgment on this basis. Further, as we previously noted, the United States District Court for the Northern District of Ohio similarly found these claims barred by the doctrine of res judicata. *See Morgan v. Boker*, *supra*, at *4.

{¶90} Collateral estoppel precludes the relitigation in a second action of an issue that has been actually and necessarily litigated and determined in a prior action which was based on a different cause of action. *Davis v. Eachus*, 4th Dist. Pike No. 04CA725, 2004-Ohio-5720, ¶ 26. In short, under the rule of collateral estoppel, even where the cause of action is different in a subsequent suit, a judgment in a prior suit may nevertheless affect the outcome of the second suit. *Id.*

{¶91} As Judge Brogan aptly stated in a property dispute case that arose as an offshoot of prolonged and protracted divorce proceedings:

{¶92} "In this case, [the appellant] is merely attempting to relitigate matters that have already been decided or claims that should have been raised in one of his earlier lawsuits. With any lawsuit, it is a rare thing when both parties are satisfied with the result. Nevertheless, once a case has been pursued to its conclusion, even the dissatisfied party must ultimately recognize when he has lost. The law does not permit him to file one lawsuit after another until he reaches the result he desires. As is evident from the procedural history outlined above, this is what [the appellant] has attempted to do. As the trial court recognized, the doctrine of *res judicata* is the proper antidote to that sort of behavior." *Forsyth v. Dearth*, 2d Dist. Clark No. 98-CA-96, 1999 WL 355193, *8 (June 4, 1999).

30

Case No. 2021-T-0038

{¶93} Further, Ms. Morgan cannot bring a claim of civil interference against Mr. Sassay since he is not a state actor. *See Patterson*, *supra*, at ¶ 39.

{¶94} Thus, summary judgment was properly awarded to Mr. Sassya.

{¶95} Ms. Morgan's second and third assignments of error are without merit.

## Trial By Jury

{¶96} In her fourth assignment of error, Ms. Morgan contends the trial court denied her right to a jury trial when it "handed my case off to a committee of attorneys to decide my case for him" and that her case was scheduled for trial at a pre-trial, which was never held.

{¶97} What Ms. Morgan fails to recognize is that the right to a trial by jury is not compromised if the plaintiff has not set forth a cognizable claim. *Barstow v. Waller*, 4th Dist. Hocking No. 04CA5, 2004-Ohio-5746, ¶ 55. Moreover, procedural motions that properly "winnow out" nonmeritorious claims do not infringe upon an individual's right to a trial by jury. *Id.*

{¶98} As the Supreme Court of Ohio stated in a case where summary judgment was appropriately granted and the appellant contended the right to trial by jury was thus violated:

{¶99} "Obviously, if it appears that a dispute exists as to any fact material to the issue being litigated, an entry of summary judgment against either party would clearly be erroneous, and constitute a denial of the right to a jury trial on that issue. In like manner, if both parties have had the opportunity to present the evidence permitted under the federal rule as to every fact or issue material to the litigation, and it appears to the court,

31

after construing the evidence strictly against both parties, that no genuine issues exist and that the nonmovant is entitled to judgment, then both parties' 'due process' rights will be satisfied by the expediency of entry of summary judgment against the movant." *Houk v. Ross*, 34 Ohio St.2d 77, 83-84, 296 N.E.2d 266 (1973).

{¶100} Since all appellees were dismissed based on matters of law, there were no issues of fact remaining to be tried, and Ms. Morgan's right to trial by jury was not violated. There is no dispute that the right to a trial by jury does not extend to the determination of questions of law. *Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 37.

{¶101} Ms. Morgan's fourth assignment of error is without merit.

**The Separation Agreement**

{¶102} In her fifth assignment of error, Ms. Morgan takes issue with the unenforced separation agreement.

{¶103} As already noted, the doctrine of res judicata barred Ms. Morgan's breach of contract claim. The trial court vacated the separation agreement over ten years ago, a judgment from which Ms. Morgan did not appeal. *See Morgan I* at ¶ 8-9 ("No appeal was filed as a result of the trial court's judgment," including a claim that the separation agreement was no longer valid.) We stated, "Upon review, it is troubling that the trial court vacated the dissolution decree without revisiting the parties' separation agreement, including the terms that they had agreed upon. *As the dissolution decree was voided, so too was the separation agreement.*" (Emphasis added.) *Id.* at ¶ 29.

Case No. 2021-T-0038

{¶104} Indeed, in *Morgan II*, which involved the parties' marital property distribution, Ms. Morgan acknowledged the separation agreement was void and "claimed that once the dissolution decree was vacated, all issues were to be revisited, and that [Mr. Sassya's] motion sought an inequitable distribution" because it attempted to follow the terms of the vacated separation agreement in so far as marital property but without awarding her the same amount in child custody. *Id.* at ¶ 11.

{¶105} Ms. Morgan is attempting to relitigate the separation agreement and the amount of child support. "*Res judicata*, also known as 'claim preclusion,' is the doctrine under which a final judgment on the merits bars a party from bringing another lawsuit based on the same claim." *Jackson v. Lou Cohen Inc.*, 84 Ohio App.3d 693, 696, 618 N.E.2d 193 (8th Dist.1992). "*Res judicata* extends to bar not only claims which actually were litigated, but 'every question which might properly have been litigated.'" *Id.*, quoting *Stromberg v. Bratenahl Bd. of Edn.*, 64 Ohio St.2d 98, 100, 413 N.E.2d 1184 (1980).

{¶106} Ms. Morgan's fifth assignment of error is without merit.

**Due Process and Equal Protection Violations**

{¶107} In her last assignment of error, Ms. Morgan contends that the trial court committed "reversible error," "multiple violations of due process and equal protection," ethical violations, and failed to perform judicial duties.

{¶108} A review of Ms. Morgan's assignment of error reveals her vague assertions of prejudice are insufficient to support her claims. "'To demonstrate a reversible denial of due process, as with any alleged error on appeal, an appellant typically must make a showing of identifiable prejudice.'" *Flynn v. State Med. Bd. of Ohio*, 2016-Ohio-5903, 62

33

N.E.3d 212, ¶ 50 (10th Dist.), quoting *In re C.W.*, 9th Dist. Medina No. 06CA0033-M, 2006-Ohio-5635, ¶ 9. "Thus, to support reversal, the record must show affirmatively 'not only that error intervened, but that such error was to the prejudice of the party seeking such a reversal.'" *Id.*, quoting *Korn v. Ohio State Med. Bd.*, 61 Ohio App.3d 677, 686, 573 N.E.2d 1100 (10th Dist.1988).

{¶109} Aside from her vague, conclusory assertions, Ms. Morgan failed to identify any specific alleged errors of due process, equal protection, and/or ethical violations, much less demonstrated any resulting prejudice.

{¶110} Ms. Morgan's sixth assignment of error is without merit.

{¶111} The judgment of the Trumbull County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, P.J.,

JOHN J. EKLUND, J.,

concur.